Brief for appellant.

HILLIS AVANT v. THE STATE.

1. ARSON. *Indictment. Averment of ownership. Evidence. Variance.*

Under a statute making it arson to feloniously burn the building of another, though not used at the time as a dwelling, ownership may be laid in the owner of the building, though it be in the occupancy of a tenant. But, whether at common law or under statute, ownership must be proved as laid in the indictment.

2. SAME. *Ownership. Variance. Case.*

An indictment which charges that defendant "did unlawfully, wilfully, feloniously and maliciously set fire to and burn a certain cotton-house, worth ten dollars, in which was then and there one thousand pounds of seed-cotton, worth fifteen dollars, the said cotton-house and cotton being then and there the property of S. E. Holcomb, with the intent of him, the said Hillis Avant, to wilfully, feloniously and maliciously injure him, the said S. E. Holcomb," is an indictment for the arson of the house, not the cotton, and is not sustained, if the proof shows that the house belonged to another than Holcomb.

3. SAME. *Verdict. Absence of averment. Void conviction.*

Although the evidence shows that Holcomb owned the cotton, and that it was burned, the conviction cannot be sustained as one for the burning of the cotton, since that is not alleged in the indictment, and a verdict must rest, not on evidence alone, but on an indictment supported by evidence.

FROM the circuit court of the second district of Panola county.

HON. EUGENE JOHNSON, Judge.

The case is stated in the opinion.

*P. H. Lowrey*, for appellant.

It was necessary to prove ownership as laid in the indictment. When the proof developed that the house did not belong to S. E. Holcomb, the state might have amended, but did not do so. The variance is fatal. · 1 Am. Crim. Law, § 556; 66 Miss., 33; 68 *Ib.*, 348; 69 *Ib.*, 395. The fact that S. E. Holcomb was in control and possession of the cotton-

house is insufficient. The indictment does not describe the house as being in his control, but as being his property. The second instruction was, therefore, erroneous, in so far as it permitted a conviction whether the house was the property of S. E. Holcomb or not.

The instruction is erroneous, also, in authorizing a general verdict of guilty, if the jury believe that the cotton burned was the property of S. E. Holcomb. This, in substance, instructed the jury to disregard the indictment so far as it applied to the house, and convict if it believed the accused burned the cotton, although the indictment is not for the burning of the cotton.

*Frank Johnston,* attorney-general, for the state.

The text-writers agree that the house must be shown to be that of another than the accused, but they are silent as to whether it is essential to prove that it belonged to any certain other person. They admit that the rule of evidence in an indictment under a statute varies from that under common law. Roscoe on Crim. Ev., 247. I submit that in the crime of arson it is not necessary to prove ownership as alleged, if the property burned is otherwise identified. As the offense is against the possession, it is essential to prove that person in possession who is alleged in the indictment to be the owner. 2 Starkie on Ev., 50. See also 3 Archbold on Crim. Pl. & Prac., 488; 3 Greenleaf on Ev., § 54.

Under recent English statutes, it is held that an allegation of ownership is not necessary; or, if made, it need not be proved. 2 Bishop on Crim. Pro., § 36; 12 Cox on C. C., 148.

The only reason for the rule rests in the necessity of identifying the property. To do so by alleging ownership is a common method. 1 Bishop on Crim. Pro., 581. This, however, is only one means of identification.

The second instruction was correct. It charged that the jury must believe that the house burned was the same as that alleged in the indictment to belong to S. E. Holcomb.

Argued orally by the attorney-general.

COOPER, J., delivered the opinion of the court.

The appellant appeals from a conviction for arson. The indictment charges that "Hillis Avant, late of the county and district aforesaid, on the sixteenth day of May, 1892, in said county and district, did unlawfully, wilfully, feloniously and maliciously set fire to and burn a certain cotton-house, worth ten dollars, in which was then and there one thousand pounds of seed-cotton, worth fifteen dollars, the said cotton-house and cotton being then and there the property of S. E. Holcomb, with the intent of him, the said Hillis Avant, to wilfully, feloniously and maliciously injure him, the said S. E. Holcomb."

On the trial the fact was developed that the house alleged to have been burned was the property of the father of S. E. Holcomb; that it was burned on the night of January 25, 1891, and that the cotton it contained was the cotton of S. E. Holcomb. All that appears in evidence in relation to the ownership and possession of the house is the following, which is taken from the testimony of the witness, S. E. Holcomb: "The land belonged to my father, but I worked it the year before the pen [house] was burned. The cotton in the pen belonged to me. My brother helped to make it, but I had bought his interest before the cotton was burned. My brother and I worked the land together."

On the request of the state, the court instructed the jury, *inter alia*, as follows:

"2. The court charges the jury that it makes no difference if the house belonged to Holcomb's father, if you further believe from the evidence, beyond a reasonable doubt, that it is the identical house as alleged in the indictment, and S. E. Holcomb had control, and not some other house; or, if you believe from the evidence, beyond a reasonable doubt, that the cotton in the house was the cotton of S. E. Holcomb, as alleged in the indictment, and that the defendant

wilfully set fire to and burned it, then you will still find him guilty."

The attorney-general, in his brief, construes this instruction as announcing the proposition that it was unnecessary to prove the ownership of the house as laid in the indictment, if its identity was otherwise established; and his argument is to sustain the instruction as thus construed. If this were the meaning of the instruction, we should think it clearly erroneous, for it is well settled that in arson the ownership must be proved as laid, whether the indictment be at common law or under a statute. 2 Bishop on Crim. Pro., § 36; *Martin* v. *State*, 28 Ala., 71; *Martha* v. *State*, 26 *Ib.; Boles* v. *State*, 46 *Ib.*, 204; *Carter* v. *State*, 20 Miss., 647.

At common law the offense was against the security of habitation, and the ownership was laid in him who had the occupancy, though that occupancy might be wrongful. 2 Bishop on Crim. Proc., §§ 36, 37; but, under statutes making punishable the burning of a building not used as a dwelling, it has been held that the ownership may be laid in the owner of the land, though leased to a tenant. *Ib.*, § 37; *People* v. *Fisher*, 51 Cal., 319; *People* v. *Simpson*, 50 *Ib.*, 304; *State* v. *Moore*, 61 Mo., 276.

The instruction under consideration is not clearly expressed, but we construe it as informing the jury that, though the house burned in truth belonged to the father of S. E. Holcomb, yet the jury should convict (1) if the house had been identified, and was in control of S. E. Holcomb; or (2) if the house belonged to the father, and was not in control of S. E. Holcomb, if the jury believed the cotton burned was the property of S. E. Holcomb. So construed, the instruction is fatally erroneous. The appellant might have been indicted for arson of the cotton. Code of 1880, § 2710. But that was not done. The indictment is clearly for the arson of the house only. It is true it avers that certain cotton was in the house, but whether the cotton was burned or was taken from the house and saved, does not appear from the

indictment. The testimony, it is true, disclosed the fact that the cotton was also burned. But one may not be convicted on evidence alone; conviction must be *on* indictment supported *by* evidence. "The verdict of a jury does nothing more than verify the facts charged." *Commonwealth* v. *Adlin*, 23 Pick., 275 ; *Sullivan* v. *State*, 67 Miss., 346. In effect, the jury was told it might convict the appellant of an offense not charged in the indictment.

*The judgment is reversed, and a new trial awarded.*