## JONES *v.* STATE.

### [66 South. 987.]

INTOXICATING LIQUORS. *Offenses. Loan. Sale. Barter. Laws* 1908, *chapter* 113.

Laws 1908, chapter 113, prohibiting the sales or barter of intoxicating liquors, is not violated when accused, as an accommodation, loaned to another, whiskey with the understanding that a similar amount was to be returned, since in a "loan," goods are transferred to another to be returned by the latter to the lender in kind, while a "sale" is a transfer of property in consideration of the payment of money, and a "barter" is an exchange of goods for other goods.

APPEAL from the circuit court of Yalabusha county. HON. J. B. ECKLES, Judge.

Luther Jones was convicted of the unlawful sale of intoxicating liquors and appeals.

The facts are fully stated in the opinion of the court.

*Creekmore & Stone,* for appellant.

In his argument for the state, the distinguished district attorney simply submits to the court the proposition of whether or not the court will hold a loan of liquor to be violation of the law against selling liquor, without making any recommendation or argument whatever, simply mentioning that some states have held that a loan violated the law against a sale, and reminding the court that no evasion of the law can avail a criminal in Mississippi. It is true that our court has refused to allow the law to be evaded, where as in the *Harper case* in 85 Mississippi, Harper was really running a saloon, with his punchout tickets, and in the Bennet case where the defendant, as reported in 87 Mississippi, was really running a saloon in connection with the express office. These

are palpable evasions of the law, and I am free to say that if the defendant in this case was acting as the de-fendant, Trombeaugh, was in the Texas case reported in Texas Criminal Appeals and in 8 L. R. A. (N. S.) page 937, that is, taking a man's money to order whisky for him, and then by himself or through a convenient by-stander, loaning the individual liquor on the spot, in-tending to appropriate to himself the liquor ordered, then he is certainly guilty of the sale of liquor. It is also true that if we had a statute similar to the North Caro-lina Statute that is condemning any one who "sells or otherwise disposes of whisky," and the facts were simi-lar to the case of *Geo. Mitchel* v. *The State of North Carolinia*, 156 N. C. 659, 72 Southeastern 632, 37 L. R. A. (N. S.) 302, then the defendant here would be guilty of a violation of the law. But in the case at bar, which is under an indictment charging a straight sale of liquor, there is no evasion shown, but the proof is plain for the defendant that he simply loaned the whisky in a manner that is common even among the very best men of every country and according to the defense, no money was passed, and no liquor returned, and no provision made for the passing of any money or the return of any liquor. We did not ask for a peremptory instruction of acquittal, or any motion to exclude the State's case. We simply asked an instruction to the effect that if the defendant's testimony was received as creditable by the jury, he should be acquitted, and we concede that the state should have had an instruction that if their witness was be-lieved beyond a reasonable doubt by the jury, then a con-viction should follow.

We have gone over these cases reported above from North Carolina and Texas, and we are clearly of the opin-ion that each decision which seems to hold a loan to be a violation of the law against a sale, really went off on the proposition that the loan was an attempted evasion of the law and that there had really been a straight sale.

We earnestly submit that this case should be reversed and a new trial granted.

*Ross A. Collins,* Attorney-General for the state.

Inasmuch as appellant's counsel rely solely upon alleged errors committed by the court in giving instructions to the effect that appellant was guilty, if the jury believed, beyond a reasonable doubt that he either sold or loaned the whisky to the alleged purchaser, I shall likewise address my argument to this point, inasmuch as it is determinative of the case.

The question raised is, insofar as I have been able to find, one of first impression before this court, and hinges entirely upon whether this court holds that a loan of liquor, as above admitted, is within the purview of our statute prohibiting the sale of same. The authorities are not uniform on this question, some holding that the statute prohibiting sale of liquor is sufficiently broad to include a loan or exchange. This has been the construction given to such a statute by the Texas courts, while other states have held it not to be a sale. The authorities on the point are collated in a discussion of the subject in Vol 17, of the American and English Encyclopedia of Law, page 282, second edition. Our court has held that tricks and subterfuges to evade the operation of the law prohibiting the sale of liquor, will not be contenanced by this court. *Bennet* v. *State,* 87 Miss. 803; *Harper* v. *State,* 85 Miss. 338. Whether or not such a loan or exchange, as was testified to in this case, is such an evasion as to come within our statute, and whether or not the giving of the instruction in this case, whereby the jury were authorized to convict, if they believed that either a sale or loan had been made, is reversible error, I respectfully submit to this court.

Reed, J., delivered the opinion of the court.

Appellant was tried and convicted on an indictment charging him with the unlawful sale of intoxicating liquors. The testimony of the sole witness for the state showed that he purchased from appellant a pint of whisky and paid money therefor. The evidence for the defense showed that appellant refused to sell the whisky, but loaned to the witness about a half pint of some whisky which he had left over from Christmas, upon the understanding that the same amount of whisky would be returned to him.

Appellant assigns as error the giving of the following instruction for the state:

"The court instructs the jury for the state that if they believe from the evidence beyond a reasonable doubt that the defendant either sold whisky to the witness Vaughn and received money therefor upon the occasion testified to by said witness, or that the defendant loaned whisky upon said occasion to said witness with the understanding and agreement then had between them that said witness was to return other whisky to the defendant for or in the place and stead of the whisky then loaned and delivered by the defendant to said witness, the jury should return a verdict of guilty as charged."

The statute (chapter 113 of the Laws of Mississippi of 1908) prohibits the selling, bartering, or giving away to induce trade of intoxicating liquors. It will be noted that the indictment in this case charges only a sale. A sale is a transfer of property upon a consideration of the payment of money. In a barter goods are exchanged for other goods. In a loan, such as is testified to in this case, goods or property are delivered from one party to another to be returned by the latter to the lender in kind. According to the testimony for the defense the lending of the whisky to be returned in kind was done as an accommodation.

, In the case of *State* v. *Austin*, 23 So. 34, the court held that section 1088 of the Code of 1892, which provides a penalty for selling property which had been before sold,. etc., without informing the person to whom the sale is. made of the exact state of the property affected, did not apply to a case where such property is exchanged for other personal property and money does not pass. We quote from the opinion of the court in that case delivered by Judge Tarrall as follows:

"Section 1088, Ann. Code, applies only to a sale, and a sale 'means, at all times, a contract between parties to to give and pass rights and property for money.' 2 Burrill, Law Dict. Penal statutes are to be construed strictly,. and a thing, to be indictable, must come within the letter as well as the spirit of the statute. *State* v. *Baker*, 47 Miss. 94.''

The instruction complained of should not have been given. If the jury believed from the evidence that appellant, as an accommodation to the witness, loaned him the whisky, as testified by the witnesses for the defense, then they were not authorized to return a verdict of guilty of the offense of selling the liquor, as charged in the indictment.

*Reversed and remanded..*