## GARFIELD *v.* STATE.

### [75 South. 548, Division B.]

INTOXICÁTING LIQUORS. *Illegal sale. Evidence. Sufficiency.*

Where in a prosecution for the illegal sale of whiskey, the evidence shows affirmatively and definitely that the whiskey was loaned, this would not justify a conviction for the illegal sale of intoxicating liquors.

APPEAL from the circuit court of Yalobusha county. HON. W. B. ECKLES, Judge.

Arthur Garfield was convicted of selling intoxicating liquors and appeals.

The facts are sufficiently stated in the opinion of the court.

*Creekmore & Stone,* for appellant.

We note that the assistant attorney-general admits that this case comes directly under the provisions of the *Luther Jones Case,* 66 So. 1915C, page 648; that is, it represents a direct effort to convict on an affidavit charging a sale of liquor on proof of a *bona-fide* loan.

We have only to repeat what we said in the Jones case. That an examination of the few cases that have been listed as holding a conviction in this kind of case proper, were when the facts were fully investigated, found to be cases of straight out sales of liquor, but where some subterfuge had been adopted to give the appearance of a loan, as for instance in one of the Texas cases where a club manager pretended to loan a friend a quart of liquor, but had a convenient associate who took the friend's money under the pretense of ordering the liquor with which the loan was to be repaid. Of course, everyone knows that this was a sale and not a loan, and represents only one of the hundred schemes that liquor sellers employ in selling liquors.

It is a mistake to cite a case like that as bearing on a case like the Jones case or the case at bar. We refrain from further comment, as we discussed all the cases in presenting the case of Luther Jones, and the holding was positive on this matter. In justice to the circuit judge, we desire to say again that the Garfield case was tried before the Jones case was announced by the court.

We respectfully ask that this case be reversed, and the appellant discharged.

*Earle N. Floyd,* assistant attorney-general, for the state.

It will be readily seen that the state proceeded on the theory that a loan of the whiskey was, under our statutes tantamount to a sale thereof. This court has heretofore had a similar case before it from the same county and held that proof of a loan of whiskey would not support a charge of selling the same. *Jones* v. *State,* 66 So. 987, L. R. A. 1915C, p. 648.

When the Jones case was presented to this court, I went carefully into the authorities showing that the courts of the various states had arrived at different conclusions on this question. I then contended that the delivery of intoxicating liquor by one person to another, with the understanding that he is to return other liquor, constitutes at least a barter or exchange, and not a mere loan, although, the one receiving it understands that he is merely borrowing it. However, this court gave such a definition to the word ''barter'' as to preclude a conviction under the proof of a loan. I contended then, as I do now, that when a person lends whiskey with the understanding that it is to be paid back in other whiskey, the transaction comes under the definition of ''barter.'' As the later consists merely in the exchange of goods for goods, and it does not alter the definition merely because the goods to be returned are of the same kind,

just so long as the transaction contemplated the return of goods other than the identical ones lent.

The *Jones case, supra,* is reported in L. R. A. 1915C, p. 648, where also are collated, in the case notes, the leading cases from other jurisdictions. In volumes 8 L. R. A. (N. S.) 937, and 31 L. R. A. (N. S.) 517, are also found exhaustive case notes in which are reviewed the leading cases on this point, and consequently, I shall not attempt to set out these authorities or show the decisions thereunder except to say that by far the greater number of decisions take the opposite view of the one laid down by this court in the Jones Case.

The case at bar was tried some two or three years ago, but, owing to some difficulty in perfecting the appeal, the record was filed in this court on March 23, 1917.

In view of the authorities cited and in view of what I submit to be a palpable error in the Jones case, I respectfully submit that the Jones Case should be overruled, and this case affirmed.

COOK, P. J., delivered the opinion of the court.

The appellant, of illustrious name, was convicted by the circuit court of Yalobusha county, upon an affidavit charging him with selling intoxicating liquor. The evidence for the state and the defendant demonstrates that defendant loaned a colored gentleman, "Buster Hones" by name, a pint of whiskey. There is no reason to believe that there was a sale. The evidence shows affirmatively and definitely that there was a loan of whiskey.

This case is controlled by *Jones* v. *State,* 108 Miss. 530, 66 So. 987, L. R. A. 1915C, 648, and the judgment of the trial court is reversed, and the case dismissed.

*Reversed and dismissed.*