## WOODALL *v.* STATE.

[93 South. 366. No. 22876.]

INTOXICATING LIQUORS. *Indictment charging sale of intoxicating liquor, not supported by proof of barter.*

    An indictment, charging a sale of intoxicating liquor, is not supported by proof of a barter.

APPEAL from circuit court of Calhoun county.

HON. W. A. ROANE, Judge.

Lodie Woodall was convicted of the unlawful sale of intoxicating liquor, and he appeals. Reversed and remanded.

*Stone & Stone,* for appellants.

The learned assistant attorney-general attempts to construe a statute of the state and make a sale and a barter synonymous, and to justify a conviction of a sale when a

barter is proved. This would be ineffective even if the supreme court of our state had not made a direct holding on this matter but we cited the case of *Jones* v. *The State,* 66 So. 987, so that the attorney-general does not have to get up a construction or go to Massachusetts or Texas for his authority. We quoted from the decision in the Jones case: "A sale is a transfer of property on a consideration of payment of money. In a barter, goods are exchanged for other goods." Now, it does not matter at all to us what the Massachusetts or Texas courts may say as under our decision the terms "sale" and "barter" are not interchangeable, and it is not permissible to do what has been done in this case, that is, charge a sale and prove a barter and gain a conviction.

We ask that this case be reversed and the defendant discharged.

*H. Talbot Odom,* special assistant attorney-general, for the state.

The appellant assigns a number of errors, upon which he seeks to reverse the judgment in this case. Yet, in their brief, counsel for appellant frankly admit that there is only one question in this case. This question is as follows: That there is a fatal variance between the indictment and the proof. The indictment in this case, it is true, charges that the defendant did sell vinous malt alcoholic intoxicating liquors, and the proof, as stated by counsel for appellant, shows that although state's witness, Winnie Adams, testified that he paid appellant three dollars for the liquor, he admitted on cross-examination that he did not actually pay appellant any money at all, but that he traded him a hog, the value of which had been agreed upon as four dollars, and received from the appellant the whiskey and one dollar for his hog.

Counsel contend that there is a marked distinction between the terms barter and sell, as used in our statutes on this question. "I think that an examination of the stat-

ute in question, will resolve this proposition in favor of the state. The statute under consideration is section 2086, Hemingway's Code, the title of which is; 'Penalty for selling or giving away liquor.' This section is in part as follows: 'If a person shall sell or barter, or give away to induce trade, etc.,' it will be noted upon an examination of this statute that two separate and distinct crimes were provided for by the legislature, selling and bartering being one crime, and giving away liquor, being another. In other words, the terms 'sell and barter' in this case are synonymous and mean the same thing. While we recognize the difference between these two terms as commonly accepted, our contention is that in this case there is no such distinction. Ordinarily the term 'sell' implies that the purchaser will pay money for the article sold, and the term 'barter' means that the parties trade one article for another."

If the legislature had intended that to sell liquor would constitute one crime, and to barter liquor would constitute another crime, then the punctuation in this statute would have been different. In other words, it would have been written as follows: "If any person shall sell, barter, or give away to induce trade" etc. Our construction of this statute and the meaning of the words 'barter and sell" is supported by a definition given in an opinion rendered by the Massachusetts supreme court in the case of *Howard* v. *Harris,* 90 Mass. (8 Allen) 297, which is as follows: "The legal distinction between a sale and an exchange is purely an artificial one; the rules of law are the same as applied to both transactions. Chit. Cont. (10 Amer. Ed.) 393. Practically there is no difference between them."

An examination of the foregoing authority will disclose the fact that in that case the question under discussion was also the liquor question. While we appreciate the fact that our court in the case of *Jones* v. *State,* 66 So. 897, held that a loan of whiskey, to be repaid by whiskey, was not a sale within the statute, we do not think that this case touches the proposition under consideration at all.

Notwithstanding the fact that a majority of the states have decided that a loan under such circumstances is a sale, this court has held to the contrary as above stated, but this is a matter which is of no concern in the present case. And we make no contention that our court was not right in holding a loan not to be a sale, but we earnestly insist that it has no application in this case.

.It will be noted that the statute under consideration does not make it a violation to loan whiskey, but is a violation to barter or sell. In further support of our contention, we cite the case of *Stanley* v. *State,* 64 S. W. 1051; *Barnes* v. *State,* 80 S. W. 805. These are cases from the Texas supreme court, and in construing their prohibition statute, hold that where a party delivers peaches to a distillery and obtains liquor therefor, that such transaction constitutes a sale under the prohibition law.

We think that further citation of authorities on this proposition is entirely unnecessary and that there is no merit in this appeal.

SMITH, C. J., delivered the opinion of the court.

The appellant was tried and convicted on an indictment charging him with the unlawful sale of intoxicating liquor. The evidence discloses a barter, and not a sale of the liquor, being that the appellant gave the prosecuting witness a pint of whiskey and one dollar in cash in exchange for a hog. An indictment charging a sale is not sustained by proof of a barter. *State* v. *Austin* (Miss.), 23 So. 34; *Jones* v. *State,* 108 Miss. 530, 66 So. 987, L. R. A. 1915C, 648; Black on Intoxicating Liquors, section 406; 23 Cyc. 181; 17 A. & E. Ency. of Law (2 Ed.), 298. The statute recognizes the difference between a sale and a barter; its provisions being that "if any person shall sell or barter, . . . any vinous, alcoholic, malt, intoxicating, or spirituous liquors," etc.

*Reversed and remanded.*