SHEEDY *v.* STATE.*

(Division B.  Oct. 8, 1928.  Suggestion of Error Overruled.)

[118 So. 372.  No. 27201.]

*Corpus Juris-Cyc. References: Arson, 5CJ, section 39, p. 563, n. 62; section 50, p. 570, n. 70; section 68, p. 582, n. 42; Schools and School Districts, 35Cyc, p. 832, n. 81; p. 833, n. 87; p. 920, n. 72.

*D. H. Glass* and *J. H. Price*, for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

Argued orally by *J. H. Price* and *D. H. Glass,* for appellant, and *Rufus Creekmore,* Assistant Attorney-General, for the state.

Etheridge, P. J.   The appellant was indicted in the circuit court of Choctaw county upon a charge of arson, the indictment charging that he "did   .   .   .   set fire to and burn a certain public building, to-wit, a schoolhouse, the property of the Union school district in said county, contrary," etc.

A number of errors have been assigned, but we deem it necessary to notice one only, and that is, the proof does not conform to the indictment.   A deed was introduced in evidence for the purpose of showing the ownership of the property, reading as follows:

"Mrs. Acklen Johnson to the Union School,
"The State of Mississippi, Choctaw County.

"For and in consideration of the sum of one dollar ($1.00), I convey and warrant to the present trustees and their successors in office the following described parcel of land, situated in the county of Choctaw, the First circuit and chancery court district, thereof, state of Mississippi, to-wit: Two acres in southwest corner of the southwest quarter of the northwest quarter, section 10, township 18, range 9.   It is distinctly understood and agreed upon, if the said school shall cease to be a school, the land goes back to Mrs. Acklen Johnson or her assignees, and the house goes back to the builders and their heirs, and it is agreed, if the said school should cease, the builders

86

shall have one year from time it ceases to get the house off of said land.

"Containing two acres, more or less.

"Witness my hand and seal, this 20th day of December, 1919.

her

"MRS. ACKLEN X JOHNSON."

mark

It will be noted that the trustees named in the deed are not named as trustees of the school district, but the caption of the deed from Mrs. Acklen Johnson indicates that the trustees were trustees of the Union School. But there is nothing to show that the Union School is a corporation, or a public school district in the county. The description of the ownership of the property burned is essential in a charge of arson, the same being part of the description of the offense, and must be strictly proved as alleged. Proof must be made beyond a reasonable doubt before the defense is made. In an indictment for arson, it is necessary to allege, and upon trial to prove, the ownership of the property alleged to have been feloniously burned. *Morris* v. *State* (Miss.), 8 So. 295, not officially reported. "Under a statute making it arson to feloniously burn the building of another, though not used at the time as a dwelling, ownership may be laid in the owner of the building, though it be in the occupancy of a tenant. But, whether at common law or under statute, ownership must be proved as laid in the indictment." *Avant* v. *State.* 71 Miss. 78, 13 So. 881.

Under the statute public school districts are not declared to be bodies corporate. They are mere agencies of the state. and have only such powers as are conferred upon them by law. We find no power, and have been cited to none, authorizing the public school districts to buy and sell property. or to acquire and own property as such. The title to the property is in the individuals named in the deed, and their successors in office, and the

indictment should have so alleged. `Consequently, there is a variance between the allegations of the indictment and the proof which must result in the reversal of the judgment of conviction and a discharge of the appellant for the crime charged in the indictment; but, on account of such variance, the appellant will be held upon his appearance bond to await the action of the next grand jury of the county, under sections 1226 and 1227, Hemingway's 1927 Code (sections 1410 and 1411, Code 1906).

Reversed, and appellant held for appearance to next grand jury.

*Reversed.*