GULLETT *v.* FIRST CHRISTIAN CHURCH OF MERIDIAN.

(Division A. June 10, 1929. Suggestion of Error Overruled, July 13, 1929.

[122 So. 732. No. 27870.]

*S. M. Graham,* of Meridian, for appellant.

*M. B. V. Miller* and *Baskin, Wilbourn & Miller,* all of Meridian, for appellee.

COOK, J., delivered the opinion of the court.

Joseph Raymond Gullett, a minor, by his mother and next friend, Mrs. C. M. Gullett, instituted this suit against the First Christian Church of Meridian, Mississippi, for damages for personal injuries alleged to have been sustained by him as a result of the negligent operation of a truck belonging to said church, and engaged in hauling material for a new church building being constructed by the said church. At the conclusion of the evidence, the court peremptorily instructed the jury to return a verdict for the defendant, and, from the verdict and judgment entered in pursuance of this instruction, this appeal was prosecuted.

The declaration filed by the appellant as finally amended sought to charge the defendant as a religious society organized under the provisions of section 933, Code of 1906 (section 4523, Hemingway's 1927 Code), which provides that:

"Any religious society, consisting of the members of any particular denomination or congregation, desiring to act as an organized body, may do so by associating together and electing or appointing from its membership any number of officers, trustees, or managers, by whatever name known, for the purpose of managing the af-

fairs of the society; and such society or association shall keep a record of its proceedings, which shall show the name of the society, its organization, and the election of the officers, trustees, or managers; but the society so organized at each particular locality shall be a distinct and independent society; and any society so organized may sue and be sued, by its society name or appellation, and process may be served on its presiding or chief officer, or secretary, or on the trustees or managers.''

As to the corporate existence of the defendant church, the declaration alleges, that ''the defendant is an organized body and acting as such by associating together in electing from the membership the board of elders and deacons for the management of the affairs of the church society, by keeping records of proceedings, and defendant has a board of elders and deacons composed of W. F. Pigford, president, and others, and is organized at Meridian, Mississippi, as a separate entity.'' Upon this declaration summons was issued directed to the sheriff, commanding him to summon the First Christian Church to appear and defend the action, and this summons was executed by the sheriff by delivering to W. F. Pigford, chairman of the board of deacons and elders of the First Christian Church, a true copy of the writ.

Thereafter the said W. F. Pigford filed a sworn pleading, denying that there was any such organization or legal entity as charged in the declaration, and averring that the First Christian Church of Meridian, Mississippi, is an ecclesiastical association, with only such powers as are conferred on Christian organizations, or organizations in the furtherance of the gospel of Jesus Christ, having, as its authority for said organization, the authority conferred by the New Testament; that the organization is a religious society, which has never resolved itself into a corporation or organized bodily in accordance with the provisions of section 933 of the Code of 1906 (section 4523, Hemingway's 1927 Code); that it had not under-

taken in any manner whatever to follow the said statute with reference to said organization; that the said W. F. Pigford was without any authority whatever to represent the church as a whole in any manner whatever, being simply a part of said church organization, and, therefore, that the process served on him could not in any way bind the church.

Other averments of this plea were merely an elaboration of the allegations above stated, and upon this plea the appellant joined issue. There was also a plea of the general issue, with notice thereunder, filed by the said Pigford.

At the beginning of the hearing of the cause, the appellant moved the court for a judgment by default against the First Christian Church, for the reason that the only pleas filed were signed, and filed by W. F. Pigford, and by the attorney for the said Pigford, and not as attorney for the defendant church; and these pleas expressly charge that the said Pigford had no authority to represent the church, and therefore there was no plea by or on behalf of said church.

This motion was overruled, and thereupon the appellant called the said Pigford as a witness in his behalf, for the purpose of proving that the defendant church was an organized body or society, with a board of deacons and elders, who looked after the spiritual and financial welfare of the organization; that it conducted a Sunday School and other societies or organizations, such as the Christian Endeavor and the Ladies' Missionary Society; that it elected a secretary, who kept minutes of the church meetings; and that the membership of the church had been so associated together for twenty years or more.

The first contention of the appellant is that there is no plea in the name of the alleged corporate body denying its corporate existence under the statute, and that the alleged officer on whom process for the purported

corporation was served cannot plead the nonexistence of such corporate body, and therefore that he was entitled to a judgment by default at the peril of its being void, if there be, in fact, no such corporation.

We do not think the officers of an alleged corporate body should be compelled to submit to such a judgment against the organization of which they are members without the right to plead the nonexistence of such corporate body, and without the right and authority to have the question of the existence or nonexistence of such corporate body judicially decided. If there be such a corporate body as charged in the declaration, a judgment by default would be binding, and to hold that the alleged officer or officers of such organization, upon whom process has been served, cannot plead the nonexistence of such a corporate body, would cast upon him, or them the peril of determining the important question of the existence or nonexistence of such corporate or organized body, without the aid of a judicial inquiry into the disputed facts. There is authority for the view that a defendant, sued as a corporation cannot through the medium of a plea of *nul tiel* corporation deny its own existence either in abatement or in bar, but we think the better view is that, where a plaintiff has sued an alleged corporation, and served process on certain persons who, he claims, represent it, he cannot preclude them from denying, either in their own names or in the name of the alleged corporation, that there is such a corporation. In support of this view we refer to the well-reasoned case of *Kelley* v. *Mississippi Cent. R. Co.* (C. C.), 1 F. 564, in which many authorities bearing upon this question are discussed and analyzed; and also to the case of *Callender* v. *Painesville, etc., R. Co.*, 11 Ohio St. 516.

Having reached the conclusion that the officer of this religious congregation upon whom process was served as the alleged agent, for the purpose of process, of a re-

ligious society organized as a legal entity under the provisions of section 933 of the Code of 1906 (section 4523, Hemingway's 1927 Code), may plead *nul tiel* corporation in his own name or the name of the society, the question which next arises is whether or not the proof offered to sustain the averments of the declaration that the defendant church is an organized body under and by virtue of the provisions of the said section 933 was sufficient for that purpose. We think not. If it should be held that the facts testified to by this witness were sufficient to prove that this church was an organized body or legal entity under this statute, then all, or practically all, of the organized churches of the state would automatically become organized bodies or legal entities.

It is common knowledge that the various religious congregations or churches of this state maintain organizations and engage in activities similar to those mentioned by this witness, and that they appoint or elect from their membership officers and agents to transact the business and look after the affairs and activities of the church; and manifestly it was not the purpose of the legislature, in enacting this statute, to bring the churches of the state under the provisions thereof, and constitute them corporate bodies or legal entities, without some affirmative action on their part to avail themselves of the provisions of the statute and complete such organization. The statute provides that any religious society desiring to act as an organized body may do so by taking certain affirmative action therein specified. Whether any particular society or congregation shall become an organized body and act as such is purely voluntary upon its part; and, for any such society or congregation to become an organized body under this statute, it must not only elect from its membership officers, trustees, or managers for the purpose of managing its affairs, but it must keep a record of its proceedings, which must show, among

other things, its organization—that is, the affirmative action of the society, congregation, or association, showing its purpose to so organize, and the completion of such organization. No such record or minutes of the defendant were introduced; and conceding, but not deciding, that the organization of such a society or association into a legal entity under the provisions of this statute may be proven by parol, as was attempted to be done in the case at bar, still the proof in this record is not sufficient to show such organization. The judgment of the court below will therefore be affirmed.

*Affirmed.*