## VARNADO *v.* WHITNEY.

(Division A.   April 17, 1933.   Suggestion of Error Overruled May 1, 1933.)

[147 So. 479.   No. 30506.]

**Chalmers Potter,** of Jackson, for appellant.

Alexander, Alexander & Satterfield, of Jackson, for appellee.

666

Smith, C. J., delivered the opinion of the court.

This is an attachment in chancery under section 173,

Code 1930, and the appeal is from a decree quashing the process and dismissing the bill.

The bill of complaint was filed against A. F. Whitney, a nonresident, for the purpose of recovering damages alleged to have been sustained by the appellant because of the publication by Whitney of an alleged libel against the appellant. The Brotherhood of Railroad Trainmen is alleged to be indebted to Whitney, and the prayer of the bill is that this alleged indebtedness be subjected to the payment of appellant's demand against Whitney.

The Brotherhood of Railroad Trainmen is an unincorporated labor union operating "throughout the entire United States" on the lodge system with a representative form of government. One of its subordinate lodges is located at Jackson, Mississippi, of which the appellant is a member. Summons for the Brotherhood of Railroad Trainmen was served on J. E. Pierce, secretary and treasurer of the brotherhood's subordinate lodge at Jackson, Mississippi. Pierce filed a motion to quash the process and dismiss the suit, the grounds of which are:

1. "The original bill of the complainant shows that both the defendants are one and the same person."

2. "The court has no jurisdiction over the defendant, Brotherhood of Railroad Trainmen, as a garnishee or otherwise."

3. "This court has no jurisdiction over this cause of action."

This motion was quashed and the bill dismissed. Pierce's right to file this motion is not challenged, in which connection see Gullett v. First Christian Church, 154 Miss. 516, 122 So. 732.

The grounds on which counsel for the appellee say that the motion was properly sustained are that: (1) The Brotherhood of Railroad Trainmen being an unincorporated association is not suable in its own name; (2) the appellant being a member of the brotherhood is, for the purposes of this suit, identical with it, and therefore,

in effect, is attempting to sue himself; (3) the relations between Whitney and the brotherhood are such that both are liable for damages, if any, sustained by the appellee because of the publication of the alleged libel, and therefore the brotherhood could be sued only, if at all, as a principal defendant and not as garnishee; and (4) the appellant's claim for damages is barred by the statute of limitations.

The second, third, and fourth of these grounds do not here arise, and can be presented only in a proper pleading or objection by one or both of the defendants to the bill. The only question that Pierce can here raise is the suability vel non of the Brotherhood of Railroad Trainmen, of which he is a member.

In consonance with other courts, this court has repeatedly held that, at common law, an unincorporated association is not suable in its own name, consequently this association is not so suable, unless that rule has been changed by statutes, either expressly or by necessary implication.

In many, if not all, respects this brotherhood is an association of the kind and character of the United Mine Workers of America, which was held suable in its own name by the Supreme Court of the United States in United Mine Workers of America v. Coronado Coal Co., 259 U. S. 344, 42 S. Ct. 570, 66 L. Ed. 975, 27 A. L. R. 762, for the reason that federal statutes which recognize the legal entity of such associations, grant them rights, and impose liabilities on them, impliedly authorize them to sue and be sued in their association names. All that was there said is applicable here, and in addition thereto, such right and liability are necessarily implied by sections 5231 to 5268, inclusive, Code 1930. This brotherhood is organized and operates for the mutual benefit of its members, one of its many activities being the issuance to its members of insurance policies of the character commonly known as "benefit certificates." Such associations

are expressly recognized and authorized to operate in this state by these Code sections. They are permitted to, but are not required to, incorporate. Section 5246 provides for the service of process on them. Section 5250 is as follows: ''No money or other benefit, charity or relief or aid to be paid, provided or rendered by any such society shall be liable to attachment, garnishment or other process, or be seized, taken, appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of a member or beneficiary, or any other person who may have a right thereunder, either before or after payment,'' thereby recognizing the suability of a mutual benefit association, except for the purposes therein outlined, as does also section 5262.

Various rights are given to, and liabilities imposed on, them by other sections, referred to above, for the protection and enforcement of which resort to the courts is necessary.

It may be true that the main purpose of these sections is to bring these associations issuing benefit certificates to its members under the supervision of the State Insurance Department, and to regulate the issuance and payment of these certificates. These sections unquestionably permit suits on benefit certificates issued by these associations. Clark v. Grand Lodge of Brotherhood of R. R. Trainmen, 328 Mo. 1084, 43 S. W. (2d) 404. But to stop there would not be sufficient protection for them, for the integrity of their benefit certificates can only be maintained when the courts are open to them for the preservation of many other of their rights and duties ancillary to the issuance of such certificates. Without such right they cannot function with any degree of safety. Their suability is essential, not only for the enforcement of their obligations, but to adequately protect their activities and existence.

It has been suggested that if the Brotherhood of Rail-

road Trainmen is suable, Pierce is not a proper person on whom to serve process for it. We are not here concerned with, and express no opinion on, that question. Pierce, because of his membership in, and the service of process on him for, the brotherhood, has the right to here have the suability vel non of the brotherhood judicially determined. Gullett v. First Christian Church, supra.

Reversed and remanded.