HARDY *v.* STATE.

(Division A. Oct. 9, 1933.)

[149 So. 881. No. 30659.]

H. L. Finch, of Laurel, J. A. McFarland, of Bay Springs, and Welch & Cooper, of Laurel, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the State.

Argued orally by **Ellis B. Cooper,** for appellant and by **W. D. Conn, Jr.,** for the State.

**Cook, J.,** delivered the opinion of the court.

Appellant was convicted in the circuit court of the second judicial district of Jasper county on a charge of arson; the indictment charging that he "did . . . set fire to and burn the Blue Ridge School House, the property of Jasper county, Mississippi, for the use and benefit of the said Blue Ridge Colored School, a common public school of said county, district and state, or the said Blue Ridge Colored School District." A deed was offered in evidence showing that the land upon which

the said schoolhouse was located was conveyed to three named persons, "trustees of the Blue Ridge Common School and their successors in office." At the conclusion of the state's evidence, the appellant moved for a directed verdict in his favor for the reason, among others, that ":the proof of the title and ownership of the property alleged to have been destroyed by fire is at variance with the title and ownership of the property as alleged in the indictment." This motion was overruled, and at the conclusion of all the evidence the appellant requested a peremptory instruction to find him not guilty, and this was refused. On appeal the only assignment of error urged is that there was a fatal variance between the allegations of the indictment and the proof as to the title and ownership of the property alleged to have been burned.

In the case of Morris v. State (Miss.), 8 So. 295, it was held that in a prosecution for arson the averment of the indictment as to ownership of the house alleged to have been burned is a part of the description of the offense charged, and that it is necessary to prove the averment as laid; the court saying upon this point: "The averment in this indictment as to the ownership of the houses alleged to have been burned is part of the description of the felony charged, and it was necessary to prove the averment as laid. We have seen no authority holding otherwise; nor can we conceive of a prosecution for the felonious burning of the house of another without alleging the name of the owner in the indictment, and making proof to support the allegation upon the trial. The proposition is elementary and fundamental, and its acceptance in the courts universal."

In the case of Avant v. State, 71 Miss. 78, 13 So. 881, the indictment charged that the property burned was the property of S. E. Holcomb. On the trial it was developed that, although the accused was in control of the house, it belonged to his father. The court instructed the jury that it made no difference if the house belonged

to the accused's father if it was established beyond a reasonable doubt that it was the identical house as alleged in the indictment, and that the accused had control thereof. In holding that this instruction was erroneous, the court said: "It is well settled that in arson the ownership must be proved as laid, whether the indictment be at common law or upon a statute. . . . At common law the offense was against the security of habitation, and the ownership was laid in him who had the occupancy, though that occupancy might be wrongful (2 Bish. Crim. Proc., sections 36, 37); but under statutes making punishable the burning of a building not used as a dwelling it has been held that the ownership may be laid in the owner of the land, though leased to a tenant."

In Sheedy v. State, 152 Miss. 82, 118 So. 372, the indictment charged that the schoolhouse alleged to have been burned was the property of the Union School district in Choctaw county. In proof of ownership a deed was offered which conveyed the property to the "present trustees and their successors in office" of a school indicated on the face of the deed to be the Union School. The court held that there was a fatal variance between the allegations of the indictment and the proof, which required a reversal of the judgment of conviction and a discharge of the accused on the particular indictment, saying: "The description of the ownership of the property burned is essential in a charge of arson, the same being part of the description of the offense, and must be strictly proved as alleged. Proof must be made beyond a reasonable doubt before the defense is made. In an indictment for arson, it is necessary to allege, and upon trial to prove, the ownership of the property alleged to have been feloniously burned."

The above-cited cases are controlling in the case at bar. The indictment alleged ownership in Jasper county for the use and benefit of the Blue Ridge colored school, while the proof established that the title was in certain named trustees of the Blue Ridge common school, an l

their successors in office. We are unable to distinguish this case from the Sheedy case, supra, and therefore the judgment of the court below will be reversed, and the cause remanded, to await the action of another grand jury.

Reversed and remanded.