WEST *v.* STATE.

(Division B. March 5, 1934.)

[152 So. 888. No. 30928.]

**H. L. Finch,** of Laurel, and **J. A. McFarland,** of Bay Springs, for appellant.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the state.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant, Henry West, was indicted upon a charge of arson for the alleged burning of a negro Methodist Church, and was convicted and sentenced to serve five years in the state penitentiary, from which this appeal is prosecuted.

The charging part of the indictment reads as follows: "Did then and there wilfully, unlawfully, feloniously and maliciousy, in the nighttime, set fire and burn the Blue Ridge Colored Methodist Church House, the property of the Colored Methodist Conference, or of the Blue Ridge Colored Methodist Church, a religious organization, organized and existing for the purpose of religious worship, and being the house of the public worship, situated and being in the Second Judicial District of Jasper county, Mississippi, a more perfect description of which said church house and the ownership thereof is to the grand jurors unknown, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Mississippi."

The indictment was demurred to upon numerous grounds, among which were that: "The indictment does not sufficiently apprise the defendant of the charge he is called upon to defend;" "The indictment does not charge that the house alleged to have been set fire to and burned was a house of public worship;" "The indictment does not properly allege title or ownership of the property

burned;'' ''The indictment attempts to allege title and ownership to the property burned in two different and distinct bodies;'' and ''The indictment does not properly allege the legal existence of person, association, firm or corporation alleged to be the owner of the property burned.''

This demurrer was overruled and the appellant was put to trial.

The evidence does not show whether the Methodist Conference was a religious corporation or not, and neither does it show that the Blue Ridge Colored Methodist Church was a religious corporation. Further, the evidence leaves it uncertain as to whether the title to the property was in trustees of the church, or stewards of the church, or whether it was a religious corporation.

One witness testified as to the ownership, saying that there was a deed made some forty years ago, and that, to the best of his recollection, it was made to the Blue Ridge Colored Methodist Church, but he was not certain as to whether it was made to the church, or to the trustees; and, as stated, there was nothing to show that the Blue Ridge Colored Methodist Church was a corporation. The evidence, in other respects, was sufficient to sustain the conviction.

We think the demurrer to the indictment should have been sustained, as it was not proper to allege title in the alternate.

We are not called on here to decide whether the indictment could have been amended by selecting which body, in fact, owned the property.

It has been held, in numerous cases, that, in an indictment for arson, it is necessary to allege, and upon trial to prove, ownership of the property alleged to have been maliciously and feloniously burned. Hardy v. State (Miss.), 149 So. 881; Sheedy v. State, 152 Miss. 82, 118 So. 372; Morris v. State (Miss.), 8 So. 295, and Avant v. State, 71 Miss. 78, 13 So. 881.

The cases also hold that the evidence must strictly correspond with the allegations as to ownership.

We held in Morgan et al. v. Collins School et al., 157 Miss. 295, 127 So. 565, that an unincorporated religious society could not own title to property, but that the title must be vested either in some person or some corporation. See, also, Paine's Chapel of A. M. E. Church et al. v. Aberdeen Realty Co., 120 Miss. 12, 81 So. 650; Gullett v. First Christian Church of Meridian, 154 Miss. 516, 122 So. 732.

We think, therefore, that the court below was in error, that the demurrer should not have been overruled, and that the evidence was insufficient to prove ownership of the property in a person or a corporation.

The judgment will, therefore, be reversed, and the appellant held on his appearance bond to await the action of the next grand jury.

Reversed.