BLACK *v.* STATE.

(In Banc. Dec. 10, 1945.)

[24 So. (2d) 117. No. 36016.]

148

S. C. Mims and W. B. Nichols, both of Grenada, for appellant.

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, for appellee.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

Appellant was convicted in the Circuit Court of Grenada County of the crime of the unlawful possession of a still. Sections 2632 and 2633, Code of 1942.

Two deputy sheriffs found what they said were signs of the former site of a still near the appellant's home, which still appeared to them to have been recently removed. They followed fresh wagon tracks to a point about half a mile away in the woods, where it led, they testified, from appellant's house nearby. They did not find any still at appellant's home, did not see any still loaded, but followed the tracks of a wagon on which they supposed it had been loaded, by appellant's house and in ten feet thereof, through a mule lot, down a hillside into the bottom, where they say they found loaded on a wagon a bunch of barrels, mash barrels with yellow corn mash in them, and cooking utensils, and cooling barrels, but they found no coil. One of the deputies was asked by the District Attorney: "Were those integral parts of a still?" To which he replied, "Yes, sir."

The indictment reads as follows: "Wilfully, unlawfully, and feloniously did own, control, and knowingly possess a still, the said still being then and there owned, controlled and knowingly possessed by the said Hayward Black for use in the unlawful and felonious manufacture of intoxicating liquor." The statute on which the indictment is based is Section 2632, Code 1942, as follows: "It shall be unlawful for any person, firm, or corporation to own or control or have in his or its possession any distillery commonly called a still or any integral part thereof."

It will be noted that a complete still was not found, the coil was missing, an absolutely essential part of a complete still. So, in our judgment, the articles found by the officers, in the wagon on this occasion were no more than integral parts of a still. Furthermore, the parts so found were not assemblable into a still for distilling alcoholic beverages in the absence of the coil. This being true, the Court erred in refusing to sustain appellant's motion for a new trial on the ground that the verdict was' against the weight of the evidence. In truth, there was no evidence of the possession of a still. As stated, supra, the charge was unlawful possession of a still. The verdict was a finding of guilt as charged. The evidence covered only integral parts of a still, less than a complete still, and not enough to make the parts operable as a still which is the sum of all of its parts and not of some of its parts.

The allegations of the indictment do not include the alternative charge of possession of integral parts. It could not properly do so in a single count. Generally, the conjunctive "and" must be substituted for the disjunctive "or" when indictments are drawn under statutes as the one under consideration, unless to do so would result in repugnancy. State v. Sam, 154 Miss. 14, 122 So. 101; Sauer v. State, 166 Miss. 507, 144 So. 225; West v. State, 169 Miss. 302, 152 So. 888. Under the facts of this case, the alternative offense of possession should have been charged in a separate indictment or a separate

count in the same indictment, so as to have informed appellant of the exact nature of the charge the indictment preferred against him, Miller v. State, 130 Miss. 730, 95 So. 83, before conviction could be sustained under the proof as made.

The case of Woodall v. State, 129 Miss. 854, 93 So. 366, while not exactly in point here, because of the differences in the subject matter, is interesting when considering the policy of our jursprudence in dealing with the disjunctive "or" in criminal statutes. In that case we said: "The statute recognizes the difference between a sale and a barter; its provisions being that, 'if any person shall sell or barter, . . . any vinous, alcoholic, malt, intoxicating, or spirituous liquors.' " Another interesting case, relevant to the issue under discussion, in our decisions is Powell v. State, 196 Miss. 331, 17 So. (2d) 524, wherein it was said: "A criminal prosecution is not begun by the affidavit for, and the issuance and execution of, a search warrant. A search warrant is a preliminary or else an ancillary writ. It is not a part of a search warrant, or the proceedings under it, to try the person in whose possession the contraband described in the warrant affidavit was found, but an additional affidavit, or an indictment, must be made or obtained charging the person with the particular crime of which the evidence indicates he is guilty. Cornelius Search and Seizure, 2d Ed., p. 604. This is demonstrated by the fact that search warrants are often based upon two or more statutory grounds in the disjunctive, as validly may be done, Banks v. City of Jackson, 152 Miss. 844, 120 So. 209, and as was done in the case now before us; but a defendant may not be put to trial on two or more charges in the disjunctive. 31 C. J. 663."

In view of what we have said supra, we are of the opinion this conviction cannot therefore be sustained under the charge in the indictment on the evidence advaced against appellant. Motion was made to exclude the state's testimony at the end thereof, which was overruled. However, appellant elected to introduce his own evidence

thereafter. No request was made for a peremptory instruction at the end of all the testimony. A motion was made by appellant for a new trial as stated, supra, which was overruled. This was reversible error, in our opinion. In this case, as in the recent case of Reese v. State, 198 Miss. 843, 23 So. (2d) 694, all we can do is to reverse and remand the cause as there is no error of the trial court for which we could act otherwise; the case against appellant not being supported by the evidence, which point was duly preserved in his said motion for a new trial.

Reversed and remanded.