WILBURN *v.* STATE.

In Banc. Oct. 11, 1948.

(37 So. (2d) 12)

**Hunter Garth & H. C. Stringer,** for appellant.

George H. Ethridge, Assistant Attorney General, for appellee.

Alexander, J.

Appellant was convicted under Code 1942, Section 2632, for having in his possession integral parts of a still. The only point reserved and argued on his appeal is that the defendant should have been awarded a directed verdict because the testimony showed without question that he possessed, if anything, a complete distillery.

We stated in Black v. State, 199 Miss. 147, 24 So. (2d) 117, that an indictment for possessing a complete still and for possessing integral parts thereof was duplicitous. They are separate offenses. Non constat, however, that one may not be tried and convicted upon a charge which is less than a completed offense. We are not confronted with a case where there is a conviction for a constituent element of an offense charged, but a conviction for constituent parts of a prescribed device. There is no election between offenses charged but rather as to what was to be charged.

The state may have proved more than was required. Of this the defendant may not complain, especially since such proof was relevant to the offense charged.

Affirmed.