PARK *v.* STATE

No. 41748 April 24, 1961 128 So. 2d 870

*Barnett, Montgomery, McClintock & Cunningham,* Jackson, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ARRINGTON, J.

The appellant, Pruitt Lee Park, was indicted, tried and convicted of the crime of arson in the Circuit Court of Lee County, Mississippi, and sentenced to serve a term of seven years in the penitentiary, from which judgment he appeals.

The evidence of the State shows that the appellant first contacted one Calvin McDonald and offered him $400 to burn the Martin Manufacturing Company building, but McDonald refused. Three days later, McDonald told one Boyce Nanney about the offer to burn the plant; Nanney wanted to do the job because he needed the money and wanted to meet the appellant. McDonald arranged a meeting with Nanney and Park and a deal was made for him, Nanney, to burn the building for a fee of $500. Nanney hired his sixteen-year-old half-brother, Wayne Daves, to burn the building, and Daves, in turn, contacted his friend, Hayden Willis, another sixteen-year old youth,

to assist him. The evidence further shows that Nanney drove the two boys to the plant, which was located about 11 miles from Tupelo, in the early morning hours of November 21, 1959, at about 3:30 A.M., and they, using gasoline, set fire to and burned the building.

The appellant first contends that the court erred in overruling his motion for a continuance due to the absence of his brother, Leslie Park, a material witness, who was physically unable to attend court on account of a heart condition. The court heard evidence on the motion, and during the hearing, counsel for appellant made a motion, which was joined in by the State, requesting the court to appoint a doctor to examine the absent witness as to his then present condition. Dr. William Kellum was appointed by the court to examine the absent witness, and he testified that as a result of his examination, Leslie Park was physically able to appear in court and testify. The court then overruled the motion for a continuance.

Later, on the motion for a new trial, the appellant did not comply with the rule announced in Lamar v. State, 63 Miss. 265, governing continuances, in that the absent witness, Leslie Park, was not present to testify, neither was his ex parte affidavit presented to the court showing what he would have testified had he been present. This rule has been consistently followed by this Court. Therefore, it follows that the court committed no error in overruling the motion for a continuance.

The appellant next argues that the court erred in refusing the requested peremptory instruction. He contends that there is a variance in the ownership of the property as alleged in the indictment and the ownership established by the proof. The indictment, omitting the formal parts, is as follows:

". . . . upon their oaths present that Pruitt Lee Park late of the county aforesaid, on 19 day of May, A.D., 1960, with force and arms in the county aforesaid and

within the jurisdiction of this court did wilfully, unlawfully, feloniously and maliciously procure the burning of a certain manufacturing plant building, the property of Martin Manufacturing Company, Incorporated, a Mississippi corporation; contrary to the Statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.''

The appellant argues that the indictment alleges it to be the property of ''Martin Manufacturing Company, Incorporated, a Mississippi corporation,'' while the proof shows it to have been the property of ''Martin Manufacturing Company,'' and then argues that the proof showed that the title to the property was in Martin Manufacturing Company and contends there was a variance in the name of the owner as alleged in the indictment and the owner as proven by the evidence, and that this variance was fatal to the conviction in this case, citing numerous cases. Mr. James G. Martin testified that he was president of the Martin Manufacturing Company. He further testified as follows:

''Q. Mr. Martin, does your corporation own that building?

''A. Yes, sir, we were granted a deed by the Lee County School Board. . . .

''Q. What corporation is that?

''A. The Martin Manufacturing Company, your honor.

''Q. That was operated under the name of Martin Manufacturing Company?

''A. It does, yes, sir.''

He testified further that the plant was located about 11 miles from Tupelo in the Birmingham Ridge Community. We are of the opinion that this testimony clearly shows that the title was in the corporation and that the corporation was the Martin Manufacturing Company.

In the case of Jenkins v. State, 197 Miss. 346, 19 So. 2d 921, Jenkins was convicted of arson, and a similar question to the one here was raised in the case, that there

was a variance in the proof as to the ownership of the property alleged in the indictment. The court in its opinion cited and analyzed the cases relied upon by appellant here: Morris v. State (Miss.), 8 So. 2d 295; Avant v. State, 71 Miss. 78, 13 So. 881; Sheedy v. State, 152 Miss. 82, 118 So. 372; Hardy v. State, 167 Miss. 739, 149 So. 881; and West v. State, 169 Miss. 302, 152 So. 888, all of which hold that in an indictment for arson it is necessary to allege, and upon the trial to prove, the ownership of the property alleged to have been burned. In the Jenkins case the Court concluded:

"We are therefore of the opinion that we are not precluded by these former decisions from holding in the present case that the proof of the ownership and identity of the property was sufficiently established. As heretofore stated, we think that both the indictment and the proof sufficiently identified the property burned, so as to enable the defendant to be fully advised as to the nature and character of the accusation against him and to successfully interpose the said indictment and record of conviction in support of a plea of autrefois convict if subsequently prosecuted for the same offense, or a plea of autrefois acquit if he had been acquitted of the charge." See also Hilbun v. State, 167 Miss. 725, 148 So. 365, and authorities there cited.

The appellant also argues that the witnesses for the state were unworthy of belief. It is true that Boyce Nanney admitted he had been convicted of a felony and the witness McDonald admitted he was paid $70 by Nanney. However, as in the usual criminal case, there were conflicts and contradictions, but these were for the determination of the jury. We have held that in criminal cases where there is an issue of fact or a conflict in the facts that juries are empaneled for the very purpose of passing upon such questions. Evans v. State, 159 Miss. 561, 132 So. 563. The jury were the sole judges

of the weight of the evidence and the credibility of the witnesses. Hill v. State, 199 Miss. 254, 24 So. 2d 737.

 █ We are of the opinion that the other assignments of error are without merit and that the evidence was ample to support the verdict of the jury. The judgment is therefore affirmed.

Affirmed.

*Lee, P.J.,* and *McElroy, Rodgers* and *Jones, JJ.,* concur.