MARBLE v. STATE.

(In Banc. Dec. 6, 1943.)

[15 So. (2d) 693. No. 35344.]

B. H. Loving, of West Point, for appellant.

388

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

Griffith, J., delivered the opinion of the court.

Appellant, jointly with four others, was indicted and convicted of the grand larceny of the meat of a hog. The defense was that the animal was the property of one of the defendants, and not of Goza, as charged in the indictment, and that if actually the property of Goza, the defendants at the time had good reason to believe and did believe that it was the property of one of the defendants rather than of some other person. And in order to sustain a conviction of grand larceny, it was necessary, of course, for the state to prove that the meat, when and as taken, was actually worth more than twenty-five dollars.

The court gave for the state the following instruction—in all probability without having carefully scrutinized it:

"The Court charges the jury for the State that if you believe from the evidence in this case beyond a reasonable

doubt that the defendants, or any of them, did willfully, unlawfully and feloniously take, steal and carry away meat as testified to by the witnesses with intent to deprive the owner of same, *the meat being the personal property of Mr. E. W. Goza and of a value of more than twenty-five dollars,* even though the meat was that from and of a dead hog, then you may return a verdict of guilty as charged, naming in your verdict the defendant or defendants you find guilty, if any.'' (Italics ours.)

It will be noted that the italicized part assumes as proved, two facts vital to the charge of grand larceny as laid in the indictment. It has repeatedly been held by this court that an instruction which assumes as true a material fact, the truth of which is for the determination of the jury, is erroneous. A restatement of the rule is that a charge must not be framed in such language as to introduce the danger that the jury may think therefrom that a disputed or essential fact has been, in the opinion of the court, established as true. Among the cases cited by appellant only one is necessary to be noted —Fore v. State, 75 Miss. 727, 23 So. 710. The case upon which the state relies, Golding v. State, 144 Miss. 298, 109 So. 731, will be found on close examination not to be in point.

And this presents the question whether upon all the evidence, the jury could reasonably arrive at but one conclusion upon the essential facts, and this beyond a reasonable doubt—as would be necessary in order that the instruction, although erroneous, might be held to be harmless.

We are not able to say with entire confidence that such is the case as to the issue of ownership, and certainly not so on the issue of the value of the meat. There we have the asserted opinion of Mr. Goza that the meat was worth $50, but it is undisputed that the animal was a sow about to farrow; that she had been found dead in the swamp, shot by some unknown party; that Mr. Goza saw her in the woods after she had been killed but

left her where found, with no intention, so far as this record discloses, to return to take the carcass; that the defendants also found the dead hog and took it, and that upon the recovery of the meat through the sheriff the next day, Mr. Goza gave it away. No honest butcher to whom the actual facts were honestly related would have purchased the meat at any price, and no private consumer knowing the facts would have touched it had he been required to pay more than a nominal sum for it.

Reversed and remanded.