EUBANKS *v.* STATE

No. 39987 March 12, 1956 85 So. 2d 805

*Strong & Smith,* Louisville, for appellant.

*Crawley & Brooks,* Kosciusko, for appellant.

*J. R. Griffin, Asst. Atty. Gen.,* Jackson, for appellee.

ETHRIDGE, J.

Appellant Clyde Eubanks was convicted of receiving stolen property of the value of less than $25.00. Mississippi Code 1942, Sections 2249, 2538. We have considered carefully the testimony, and it was sufficient as against a peremptory. However, the case will have to be reversed and remanded for a new trial because of some erroneous instructions granted the State.

The State was granted the following instruction: "The court instructs the jury for the State of Mississippi that unexplained flight is a circumstance from which an inference of guilt may be drawn and considered with all the other facts and circumstances connected with the case."

■■ The facts did not warrant the giving of this instruction. Appellant gave an entirely plausible and uncontradicted explanation of the reason why he was absent from the county for five weeks. The sheriff's testimony to the effect that he could not locate appellant does not negative the uncontradicted status of appellant's testimony in this respect. ■■ Instructions on flight, if given at all, should be used only in cases wherein that circumstance has considerable probative value. Moreover, such an instruction is primarily argumentative. 1 Alexander, Mississippi Jury Instructions (1953), Sec. 2341. ■■ However even if the facts here had warranted an instruction on flight, this one is erroneous. It is practically a peremptory statement to the jury that appellant fled and that the jury could consider this with other facts in making an inference of guilt. It should

have been qualified so as to be related to the facts of this case, and also to tell the jury it must first find the facts before it can use flight along with other circumstances to support an inference of guilt. 1 Alexander, Ibid., Sec. 2342.

 The State also obtained the following instruction which erroneously assumed as true the principal facts in issue: "The court instructs the jury for the State that if they believe from the evidence beyond a reasonable doubt that the defendant, Clyde Eubanks, did unlawfully and feloniously buy or obtain two Goodyear automobile tires of the value of $25.00 or more in money, the personal property of the D. L. Fair Lumber Company, a corporation, which prior thereto recently had been feloniously stolen, taken and carried away, the said Clyde Eubanks well knowing the said automobile tires to have been recently stolen and carried away as aforesaid at the time he wilfully, unlawfully and feloniously bought or obtained said automobile tires then it is your sworn duty to return a verdict of guilty and the form of your verdict may be:

"'We, the jury, find the defendant guilty as charged in the indictment.'"

Similarly faulty instructions were also granted the State on pages 84, 85, and 86 of the record. It will be noted that the quoted instruction assumes as proved three facts vital to the charge against appellant: That two automobile tires had been stolen, that appellant knew them to have been stolen, and that he wilfully, unlawfully and feloniously bought the tires. Of course an instruction which assumes as true a material fact, the truth of which is for the determination of the jury, is erroneous. We do not think that the clause, "if they believe from the evidence beyond a reasonable doubt", at the beginning of this instruction, can be said to qualify all of the succeeding statements, either gram-

matically or in common sense. Marble v. State, 195 Miss. 386, 15 So. 2d 693 (1943) is in point.

Reversed and remanded.

*McGehee, C. J.,* and *Lee, Arrington* and *Gillespie, JJ.,* concur.