288 So.2d 855 (1974)
Robert CHURCH
v.
STATE of Mississippi.
No. 47638.
Supreme Court of Mississippi.
January 21, 1974.
*856 Barnett, Montgomery, McClintock & Cunningham, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
Robert Church was convicted in the Circuit Court of Neshoba County for receiving stolen property having a value greater than $100 in violation of Miss. Code Ann. § 97-17-69 (1972), and was sentenced to serve a term of 5 years in the Mississippi State Penitentiary.
We have carefully reviewed the evidence and it was sufficient to withstand the peremptory instruction requested by Church. However, the case must be reversed and remanded for a new trial due to the erroneous instruction granted the state.
The state requested and was granted but a single instruction which is set out below:
The Court instructs the Jury for the State that if you believe beyond a reasonable doubt and to a moral certainty that the Defendant, Robert Church, did unlawfully and feloniously obtain and receive 25 pairs of Acme western type boots, 5 pairs of Dingo leather western type boots, 11 pairs of Nocona western type boots, and one pair of Dan Post western type boots, of the value of more than One Hundred Dollars ($100.00), the personal property of Don Dennis, d/b/a Triple "D" Western Store, which prior thereto recently had been feloniously stolen, taken and carried away, the said Robert Church well knowing the said 25 pairs of Acme western type boots, 5 pairs of Dingo leather western type boots, 11 pairs of Nocona western type boots, and one pair of Dan Post western type boots, to have been recently stolen and carried away, as aforesaid, at the time he willfully, unlawfully and feloniously obtained and received said 25 pairs of Acme western type boots, 5 pairs of Dingo leather western type boots, 11 pairs of Nocona western type boots, and one pair of Dan Post western type boots, then it is your sworn duty to return a verdict of guilty, and the form of your verdict may be:
"We, the Jury find the Defendant guilty as charged in the indictment."
The defendant attacks the state's instruction on two grounds. First, he asserts that the instruction is erroneous because the jury was not required to find the defendant guilty or not guilty "from the evidence." The omission of the words "from the evidence" is reversible error and *857 we so held in Chapman v. State, 227 So.2d 476 (Miss. 1969). However, the error was rendered harmless because five of the defendant's instructions, in one form or another, admonished the jury to confine its deliberations to the evidence. If an error in one instruction is cured by another, and when, considered as a whole, the instructions correctly state the law, the error will not be reversible. Ivey v. State, 154 Miss. 60, 119 So. 507 (1928); Golden v. State, 223 Miss. 649, 78 So.2d 788 (1955). Therefore, this first contention of the defendant is without merit.
The defendant next argues that the state's instruction is erroneous because it assumed as true material facts which were for determination by the jury. The instruction assumed as proven facts (1) that the boots were stolen, (2) that the defendant knew them to be stolen, and (3) that the defendant willfully, unlawfully and feloniously obtained and received the boots. We disapproved an instruction[1] in Eubanks v. State, 227 Miss. 162, 85 So.2d 805 (1956) virtually identical to the state's instruction in this case. In Eubanks we said:
Of course an instruction which assumes as true a material fact, the truth of which is for the determination of the jury, is erroneous. We do not think that the clause, "if they believe from the evidence beyond a reasonable doubt", at the beginning of this instruction, can be said to qualify all of the succeeding statements, either grammatically or in common sense. Marble v. State, 195 Miss. 386, 15 So.2d 693 (1943) is in point. (227 Miss. at 169, 170, 85 So.2d at 806). The instruction in the case at bar falls squarely within the rule enunciated in Eubanks, and it was reversible error to give the instruction.
The defendant's conviction is hereby reversed and the case is remanded for a new trial.
Reversed and remanded.
RODGERS, P.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.
NOTES
[1] The instruction in Eubanks is as follows:

"The court instructs the jury for the State that if they believe from the evidence beyond a reasonable doubt that the defendant, Clyde Eubanks, did unlawfully and feloniously buy or obtain two Goodyear automobile tires of the value of $25.00 or more in money, the personal property of the D.L. Fair Lumber Company, a corporation, which prior thereto recently had been feloniously stolen, taken and carried away, the said Clyde Eubanks well knowing the said automobile tires to have been recently stolen and carried away as aforesaid at the time he wilfully, unlawfully and feloniously bought or obtained said automobile tires then it is your sworn duty to return a verdict of guilty and the form of your verdict may be:
"`We, the jury, find the defendant guilty as charged in the indictment.'"