413 So.2d 386 (1982)
Larry LUMPKIN
v.
STATE of Mississippi.
No. 53165.
Supreme Court of Mississippi.
May 5, 1982.
Rehearing Denied May 19, 1982.
*387 William Sebastian Moore, William Bruce McKinley, Jackson, for appellant.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, ROY NOBLE LEE and HAWKINS, JJ.
ROY NOBLE LEE, Justice, for the Court:
Larry Lumpkin was convicted in the Circuit Court of Oktibbeha County, Honorable Harvey Buck, presiding, on a charge of receiving stolen property. The trial judge sentenced him to serve a term of four (4) years with the Mississippi Department of Corrections, and Lumpkin has appealed here.

I.

Was the verdict of the jury against the overwhelming weight of the evidence?
During the latter part of April, 1980, the home of Mrs. Martha Fort, deceased, was burglarized and among the articles stolen were three (3) pieces of antique furniture. The burglary was reported to the Lowndes County Sheriff's Office and an investigation was conducted.
The evidence for the State indicated that during the last part of April, 1980, appellant's wife, Cheryl Lumpkin, received a telephone call from an unidentified male, who inquired whether she would be interested in purchasing some antique furniture. The caller also spoke with appellant and told him that he wanted one hundred dollars ($100.00) for the furniture. After some negotiation, the man delivered the furniture to appellant's home and was paid seventy-five dollars ($75.00) for it. The furniture was stored on appellant's carport and was partially concealed by other articles.
Subsequently, appellant, or his wife, contacted Mrs. Dot Foster and Mrs. Ellen Bates in an attempt to sell the furniture to them. Mrs. Bates eventually paid appellant two hundred fifty dollars ($250.00) for all three pieces of the furniture.
On May 15, 1980, the Sheriff of Lowndes County discovered that Mrs. Bates and Mrs. Foster had the furniture in their possession and he seized same and later arrested appellant. When he was arrested, appellant told the sheriff that a man from North or South Carolina came to his home and sold the furniture to him for $100.00 and that the man told him the furniture was from an estate sale. In August of 1980, appellant told the sheriff that he had gotten the furniture from one Jackie Fulgham and identified him from a group of photographs. Jackie and Bobby Fulgham were first cousins of appellant's wife.
According to Mrs. Judy Loftin, appellant said that he didn't want the furniture to stay in town and she could buy it for her daughter who lived out of town. Appellant was asked by Mrs. Bates whether or not the furniture was stolen, and he told her that "something was wrong with the furniture."
In Brown v. State, 281 So.2d 924 (Miss. 1973), the Court said:
If a person has knowledge from facts and circumstances which should convince a reasonable person that property has been stolen, in such situation the rule is that in a legal sense he knew the property was stolen. Pettus v. State, 200 Miss. 397, 410, 27 So.2d 536, 540 (1946). [281 So.2d at 926].
*388 On the largely uncontradicted evidence in the record, and in view of the evidence stated hereinabove, there was a guilt issue for the jury, the verdict of the jury was not contrary to the weight of the evidence and was supported by the evidence. Warn v. State, 349 So.2d 1055 (Miss. 1977).

II.

Did the lower court err in granting Instruction S-2A for the State?
The Instruction S-2A follows:
The Court instructs the Jury that if you find from the evidence in this case beyond a reasonable doubt that the defendant, Larry Lumpkin, did on or about May 5, 1980, unlawfully, wilfully, and feloniously buy or receive a Victorian marble top coffee table, a Victorian console table with a marble top, and a Victorian wash stand with a marble top and back splash, which had a total value in excess of $100.00, when he knew that this property had been feloniously taken away from the estate of Mrs. Martha Fort, then you shall find the defendant guilty as charged.
The appellant first contends that the above instruction constitutes reversible error because it assumes as true principal facts in issue, and cites Eubanks v. State, 227 Miss. 162, 85 So.2d 805 (1956), and Church v. State, 288 So.2d 855 (Miss. 1974).
In Eubanks, the lower court granted a number of faulty instructions for the State. The instruction similar to the one sub judice was held to be erroneous because it assumed as true principal facts in issue. We distinguish the instructions there and in the present case because the principal part of that instruction stated "... the said Clyde Eubanks well knowing the said automobile tires to have been recently stolen and carried away as aforesaid at the time he wilfully, unlawfully and feloniously bought or obtained said automobile tires... ." [227 Miss. at 169, 85 So.2d at 806]. The latter phrase peremptorily told the jury that Eubanks wilfully, unlawfully and feloniously bought or obtained the stolen property. In Church, the instruction omitted the finding that the jury must believe beyond reasonable doubt "from the evidence." The instruction otherwise was virtually identical to the one condemned in Eubanks. Church was reversed on the basis of the holding in Eubanks.
We are concerned with the statement in Eubanks following:
We do not think that the clause, "if they believe from the evidence beyond a reasonable doubt", at the beginning of this instruction, can be said to qualify all of the succeeding statements, either grammatically or in common sense. Marble v. State, 1943, 195 Miss. 386, 15 So.2d 693 is in point. [227 Miss. at 169-170, 85 So.2d at 806].
The instruction in the case sub judice tracked the indictment and required the jury to believe that appellant knew the property had been feloniously taken. All the other elements of the offense  (1) that appellant received the furniture, (2) that it was feloniously stolen, and (3) that the value of the furniture was in excess of $100.00  were uncontradicted in the record. The only real issue was whether or not appellant knew that the property had been feloniously taken.
The court granted Instruction C-40 [See Appendix I], which submitted the elements of the crime to the jury under three headings, and Instruction D-3 [See Appendix II], which expressly related to the issue of whether or not the jury had a reasonable doubt that appellant knew or had reasonable grounds to believe the property had been stolen.
If Instruction S-2A should not have been granted, the fault of it was cured by Instructions C-40 and D-3, and, reading all instructions together, no prejudice resulted to the appellant.
We note that the objection by appellant to Instruction S-2A was not made on the ground that it assumed certain facts in evidence, which is now briefed and argued. Under the rules and decisions of this Court, *389 error on that ground was waived by the appellant. Meyer v. State, 309 So.2d 161 (Miss. 1975); Entrican v. State, 309 So.2d 851 (Miss. 1975).
The appellant next argues that the Instruction S-2A constitutes reversible error because it did not properly state the law, that the evidence was circumstantial as to appellant's guilt and should have contained the phrase "to the exclusion of every other reasonable hypothesis than that of guilt."
As stated, all the elements of the alleged crime were uncontradicted, except that of knowingly receiving stolen property. The record reflects the following:
(1) Appellant and his wife testified that an unidentified male person telephoned about the property and left it on the Lumpkin porch.
(2) Mrs. Lumpkin testified that an unidentified man came to the door and she paid him $75.00 for the property, but she couldn't see or describe him.
(3) Appellant told Mrs. Judy Loftin that he didn't want the furniture to stay in town and she could buy it for her daughter who lived out of town.
(4) Appellant told Mrs. Loftin that he did not want her to store the furniture on her carport; that when Mrs. Loftin asked him if the furniture had been stolen, appellant told her he couldn't be sure but he was afraid there was something wrong with the furniture; that if he couldn't sell it soon, he would have to get it out of his house; that, if Mrs. Loftin didn't buy it or get it out of town, he would either have to get it out of town or would have to burn it.
Much of the evidence relating to knowledge by appellant that the property had been stolen was presented to the jury as direct evidence and, therefore, the circumstantial evidence rule does not apply. Further, the appellant did not request an instruction on circumstantial evidence, and the degree of proof required in such case, nor did he object to any instruction for the lack of submitting the burden of proof in a purely circumstantial evidence case.
The granting of Instruction S-2A was not reversible error.

III.

Did the lower court err in instructing the jury that appellant was accused of buying or receiving stolen property when the indictment charged appellant with only receiving stolen property?
The indictment charges the appellant with receiving stolen goods, knowing the same to have been stolen. Instruction S-2A was amended, without objection, to insert the words "or buy." The following colloquy transpired between the court and counsel for appellant, concerning Instruction D-3, which was amended with approval by appellant's counsel:
Mr. J. Brown:
Your Honor, if that's the only objection to the instruction, we don't mind inserting that, and will amend it.
THE COURT:
Bought and knowingly received?
Mr. J. Brown:
Bought  excuse me, knowingly received or bought I believe is what the D/A wants to do.
* * * * * *
THE COURT:
I've already amended it to show knowingly received or bought. We'll have to also say after Larry Lumpkin in the last paragraph, "that the defendant, Larry Lumpkin, bought or received the property."
Mr. J. Brown:
That's fine, your Honor.
In view of the approval of appellant's counsel stated herein, appellant cannot now be heard to complain of the instruction. There is no merit in the assignment of error.
There being no reversible error in the record, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, BOWLING, HAWKINS, DAN M. LEE and DARDEN, JJ., concur.

*390 APPENDIX I

INSTRUCTION C-40
The Defendant, LARRY LUMPKIN, has been charged by an indictment with the crime of receiving stolen property for having bought or received the property which had been feloniously taken, knowing that the property had been so taken.
If you find from the evidence in this case beyond a reasonable doubt that

I.
A Victorian Marble Top Coffee Table, a Victorian Console Table with a Marble Top, and a Victorian Wash Stand with a Marble Top and Back Splash, and

II.
That the above listed property had been feloniously taken and carried away from the estate of Mrs. Martha Fort, and on or about May 5, 1980, the Defendant, LARRY LUMPKIN, bought or received the property in any manner or on any consideration, and

III.
That the Defendant knew or had good reason to believe from the facts and circumstances in evidence that the property had been feloniously taken.
Then you shall find the Defendant "guilty" of receiving stolen property.
If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the Defendant "NOT GUILTY."

APPENDIX II

INSTRUCTION D-3
The Court instructs the Jury that in order to convict the State must prove beyond all reasonable doubt that the Defendant, LARRY LUMPKIN, knowingly received or bought the Victorian Marble Top Coffee Table, Victorian Console Table with Marble Top, and Victorian Wash Stand with Marble Top and Back Splash.
The word knowing means if a person has information which should convince him the property has been stolen or which should lead a reasonable man to believe that property has been stolen.
The Court instruct the Jury that if you find that the Defendant, LARRY LUMPKIN, bought or received the property alleged to have been stolen but there is a reasonable doubt in your mind as to whether he knowingly received stolen property then it is your sworn duty to find him "NOT GUILTY."