477 So.2d 1350 (1985)
Robert VAN
v.
STATE of Mississippi.
No. 55726.
Supreme Court of Mississippi.
October 2, 1985.
Wendy G. Evinger, Greenwood, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and HAWKINS and DAN M. LEE, JJ.
WALKER, Presiding Justice, for the Court:
Robert Van was tried and convicted of receiving stolen property in the Circuit Court of Humphreys County and was sentenced to four (4) years in the custody of the Mississippi Department of Corrections. He appeals this conviction and sentence.
On December 1, 1982, the Greenville police were called to Perry's Pawn Shop to investigate a customer who was acting suspiciously. *1351 The police found Donnell Van attempting to pawn some watches. According to the police, Van gave a false name and driver's license when asked for identification. While the police were telephoning Van's mother at his request, he broke and ran. When later captured, Donnell told police he had come to Greenville with his brother Robert Van and Roosevelt McDay. The police located appellant and McDay at a downtown parking lot. A search of McDay's car uncovered several items of jewelry in a bag under the floor mat on the front passenger side of the car.
Police later determined that appellant had sold two rings to a customer in another pawn shop. Based on the inscription in one of the rings police were able to trace all the jewelry to Anne Hamilton Trotter of Belzoni. Appellant, his brother Donnell Van, and Roosevelt McDay were placed under arrest for burglary but were later indicted for receiving stolen property. A motion for severance was granted.
Mr. and Mrs. Trotter testified that until they were notified by the police they were unaware that the jewelry was missing from their home. There was no indication of forced entry to their home and no other items were missing.
Appellant testified that a stranded motorist, Billy Hart, gave him jewelry in exchange for a car battery. According to appellant, Hart told him the jewelry was not stolen.
Later that day appellant left for Greenville to look for a job. He got a ride with Roosevelt McDay after his scheduled ride had to cancel the trip. Appellant's brother Donnell accompanied him to Greenville. Appellant then gave Donnell part of the jewelry. While in Greenville appellant sold two rings to Sherman James, a customer in Joe's Pawn Shop. James purchased the rings when appellant was unable to pawn them because of lack of identification.
Appellant first assigns as error the granting of instruction S-4 for the state over defense counsel's objection and the granting of instructions S-1 and S-3. Appellant argues that these instructions assume as true material facts the truth of which should have been properly left for determination by the jury. As drawn, these instructions assume as true that appellant was acting in concert with Donnell Van and Roosevelt McDay and that the property of the Trotters was feloniously stolen. See Eubanks v. State, 227 Miss. 162, 169, 85 So.2d 805, 806 (1956); Church v. State, 288 So.2d 855, 857 (Miss. 1974) and Marble v. State, 195 Miss. 386, 15 So.2d 693 (1943).
The granting of these instructions was reversible error.
Appellant also argues that the lower court erred in overruling his motion in limine. Appellant sought to exclude anticipated testimony concerning acts and statements made by co-indictees Donnell Van and Roosevelt McDay. Particularly appellant sought to exclude testimony concerning Donnell Van's flight from Perry's Pawn Shop and alleged false statements made by him to the police concerning his identity. Appellant's argument is that these acts were the acts of Donnell Van alone and had little probative value in comparison to the prejudicial effect on appellant's trial and would defeat the purpose of the severance granted appellant.
Guilty knowledge is the gist of the offense of receiving stolen property. Johnson v. State, 247 So.2d 697 (Miss. 1971). The relevant inquiry in this case should be whether Robert Van received property under circumstances that would lead a reasonable man to believe it to be stolen. Appellant's own actions subsequent to receipt may have a bearing on whether he knew or should have known the property to be stolen. However, the conduct of others, in the absence of proof of conspiracy or concerted action to receive stolen property, should not be admitted into evidence. The evidence in this case fails to sufficiently establish concerted action on the part of appellant and his co-indictees at the time the property was received so as to make testimony concerning the subsequent flight of Donnell from the *1352 police and false statements admissible. The motion in limine with reference to testimony concerning Donnell Van's flight and statements to police should have been sustained.
Appellant's remaining assignments of error are without merit, and no useful purpose would be served by discussing them.
For the reasons stated above, this case is reversed and remanded for a new trial.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.