PAYNE, J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. In September 1997, appellant Sammy Berry was convicted in the Circuit Court of the First Judicial District of Hinds County of the crime of grand larceny. He was thereafter sentenced as an habitual offender and ordered to serve a term of five years in the custody of the Mississippi Department of Corrections. Feeling aggrieved of his conviction, Berry filed this appeal.
FACTS
¶ 2. On May 13, 1997, Berry and an accomplice stole a tiller worth more than two-hundred fifty dollars from the Economy Hardware Store in Clinton, Mississippi. An eyewitness to the theft reported Berry and his cohort to the police, and both were apprehended shortly thereafter.
*541 ARGUMENT AND DISCUSSION OF THE LAW
STANDARD OF REVIEW
¶ 3. Berry raises one issue in this appeal: whether Berry was incorrectly denied a directed verdict, judgment notwithstanding the verdict or a new trial. In support of this issue, Berry argues the weight and sufficiency of the evidence did not support the verdict.
¶ 4. We distinguished weight and sufficiency of the evidence in Danner v. State and reinforced our standard of review for each of these questions:
A motion for a new trial will be granted when the weight of the evidence is so overwhelming that an unconscionable injustice would result if a new trial is not granted. It is well established that matters regarding the weight of evidence are to be resolved by the jury. As such, our scope of review is limited in considering challenges to the weight of the evidence. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.... A directed verdict and judgment notwithstanding the verdict both attack the sufficiency of evidence. Our standard of review with regard to motions challenging the sufficiency of the evidence is well established. When reviewing the quantum of the evidence presented at trial on this matter, the question is whether reasonable and fair-minded jurors could have only found the defendant not guilty of the charges, where in the present case the jury found him guilty.
Danner v. State, 748 So.2d 844, 846 (Miss.Ct.App.1999) (citations omitted).
¶ 5. In the present case, the evidence was not such that allowing a conviction to stand on this evidence would result in an unconscionable injustice. Thus, we find no error and uphold the trial court’s decision.
ANALYSIS OF THE ISSUE PRESENTED
I. THE TRIAL COURT ERRED BY FAILING TO GRANT DEFENDANT’S MOTION FOR A DIRECTED VERDICT, JNOV AND MOTION FOR A NEW TRIAL AS THE EVIDENCE WAS LEGALLY INSUFFICIENT AND THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE.
¶ 6. Berry contends the evidence against him was such that a guilty verdict was not warranted. Reviewing the evidence in support of the verdict, however, we find substantial evidence did exist in support of Berry’s guilt.
¶ 7. Of major import to the jury’s finding and to our conclusion on appeal is the eyewitness account of the theft. At the time of the theft, the eyewitness was at a gas station across the street from the hardware store. She saw Berry and his accomplice, with both of whom she was acquainted, actually place the tiller in back of the truck they were in and drive off.
¶ 8. Further in support of Berry’s guilt is testimony of police. When the police arrived at Berry’s home, they questioned Berry’s father and found the stolen tiller in a storage building on his property. In his testimony, Berry’s father admitted his son brought the tiller to him, and the father stated he was suspicious of his son’s acquiring the brand new tiller.
¶ 9. Berry contends the State failed to prove Berry intended to permanently deprive the owner of his property, as is required by statute. Miss.Code Ann. § 97-17-41(l)(a) (Supp.1999) states:
Every person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of Two Hundred Fifty Dollars ($250.00) or more, shall be guilty of *542 grand larceny, and shall be imprisoned in the Penitentiary for a term not exceeding five (5) years; or shall be fined not more than One Thousand Dollars ($1,000.00), or both.
Although the statute does not specifically state such, Berry argues that the offense of grand larceny requires intent be proven, pursuant to case law rules. In fact, case law does state intent need be proven: “A critical part of the code definition of grand larceny is the specific intent to steal. ‘Grand larceny requires evidence of specific intent to deprive the owner of his property wholly and permanently.’ ” State v. Smith, 652 So.2d 1126, 1127 (Miss.1995) (citations omitted).
¶ 10. Though testimony was not presented showing Berry verbally stated his intent to wholly and permanently deprive the rightful owner of the tiller, such express declaration is not necessary to meet the specific intent element of grand larceny.
Intent to do an act or commit a crime is also a question of fact to be gleaned by the jury from the facts shown in each case. The intent to commit a crime or to do an act by a free agent can be determined only by the act itself, surrounding circumstances, and expressions made by the actor with reference to his intent. Too, criminal intent may be proved by circumstantial evidence. Intent may be determined from the acts of the accused and his conduct and inferences of guilt may be fairly deducible from all the circumstances.
Skive v. State, 507 So.2d 898, 900 (Miss.1987) (citing Newbum v. State, 205 So.2d 260 (Miss.1967)) (other citations omitted).
¶ 11. We conclude Berry’s taking of the tiller from the hardware store without paying for it and his delivering the tiller to his father for one-hundred dollars proves Berry had the intent to permanently deprive the owner of the property. Berry cites a few immaterial factual discrepancies he sees as warranting reversal of his conviction; however, even if these allegations were true, the volume of evidence incriminating Berry is so overwhelming, these discrepancies are of no matter.
¶ 12. The facts in this case are so overwhelming that a fair-minded juror could have reached the same conclusion. Pursuant to the aforementioned standard of review, we find the verdict was not decided in error as to sanction an unconscionable injustice were it not reversed.
CONCLUSION
¶ 13. The law does not support Berry’s contentions that he was entitled to a directed verdict, JNOV or a new trial. Therefore, the finding of the lower court on this issue is affirmed.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF GRAND LARCENY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND THOMAS, JJ., CONCUR.