LEE, J.,
for the court.
PROCEDURAL HISTORY
¶ 1. This case involved the July 1998 theft of chemicals from the Jimmy Sanders Seed Company in Belzoni. After a December 2001 trial, Darrell Russell was convicted in the Yazoo County Circuit Court of receiving stolen property, and he was sentenced to serve five years in the custody of the Mississippi Department of Corrections. His motion for judgment notwithstanding the verdict or new trial was denied, and he appeals to this Court arguing that the verdict was against the overwhelming weight of the evidence. We review this argument and find no merit; thus, we affirm.
FACTS
¶ 2. On Saturday, July 18, 1998, a trailer-load of insecticide and herbicide was brought to the Jimmy Sanders Seed Company in Belzoni. The truckload was parked over the weekend, awaiting transport to Cleveland a few days later. Store manager Danny Cordell arrived at the store the following Monday morning to find the trailer-load of chemicals missing, so he contacted the Yazoo County Sheriffs Department.
¶ 3. Soon thereafter, farmer William Frey contacted Bruce West at the seed company to ask whether certain chemicals would be appropriate to use on his crops. Frey had learned from Danny Dew that he could buy these chemicals extremely cheap from one of Dew’s friends-. These chemicals were the same type that were stolen, and West became suspicious and asked Frey to further question Dew as to the quantity of these chemicals and of the container sizes. After West learned that this description was identical to that of the stolen chemicals, Frey was enlisted by investigators to participate in a sting operation to make a controlled buy of the chemicals in efforts to catch the thief.
¶ 4. Frey was given a number of marked bills and sent to Dew’s residence to conduct the buy. When Frey arrived, Darrell Russell was standing outside of a car where, in exchange for $1180 which Frey gave him, he opened his trunk and revealed one fifteen-gallon drum of the insecticide and six cases of the herbicide, which he helped Frey load into Frey’s car. After the transaction, Frey returned to meet *508 with an investigator, and they compared the numbers on the insecticide drum to find they matched the numbers supplied by the seed company. Mike Braswell, an investigator with the Mississippi Department of Agriculture, followed Russell after the transaction, and upon being notified that the numbers matched, stopped Russell and arrested him. Braswell found the marked bills and eight additional cases of the herbicide in Russell’s possession.
DISCUSSION
I. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 5. With his lone issue, Russell argues that the judge erred in denying his motion for new trial, since the verdict was against the overwhelming weight of the evidence.
A motion for a new trial will be granted when the weight of the evidence is so overwhelming that an unconscionable injustice would result if a new trial is not granted.... In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice....
Berry v. State, 754 So.2d 539(¶ 4) (Miss.Ct.App.1999). In his motion for judgment notwithstanding the verdict or in the alternative a new trial, Russell failed to list with specificity those points he claimed warranted the judge’s overruling the jury’s verdict. Rather, he simply asked the judge to set aside the verdict. During sentencing, his attorney did ask that the judge rule on the motion. The judge asked the basis for the motion to which the attorney replied that the verdict was against the overwhelming weight of the evidence, was not based on credible evidence, and was not the true verdict of a reasonable and impartial jury. The court succinctly denied the motion without further discussion.
¶ 6. Russell argues that the State failed to prove every element of the offense of receiving stolen property, which is defined in Miss Code Ann. § 97-17-70(1) (Rev.2000):
A person commits the crime of receiving stolen property if he intentionally possesses, receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is possessed, received, retained or disposed of with intent to restore it to the owner.
¶ 7. Russell specifically claims the State failed to prove that he knew the chemicals were stolen. Russell cites to the testimony of Frey, the farmer, and Cordell, the store manager, and attempts to show that their uncertainty concerning whether the chemicals were stolen proves that he, too, could not have known. He states that no testimony allowed the jury to conclude that he knew or reasonably should have known that the chemicals were stolen, and the circumstantial evidence against him was not sufficient to support a guilty verdict.
¶ 8. The State rebuts by citing to Van v. State, 477 So.2d 1350 (Miss.1985), which states:
Guilty knowledge is the gist of the offense of receiving stolen property.... The relevant inquiry in this case should be whether [the appellant] received property under circumstances that would lead a reasonable man to believe it to be stolen. Appellant’s own actions subsequent to receipt may have a bearing on whether he knew or should have known the property to be stolen.
*509 Van, 477 So.2d at 1351 (citation omitted). In the present case, Russell attempted to sell the drum of chemicals out of his personal automobile, yet he argues that evidence of his possession of recently stolen property was insufficient to show guilty knowledge. See Whatley v. State, 490 So.2d 1220, 1223 (Miss.1986). In McClain v. State, 625 So.2d 774, 778-79 (Miss.1993), the supreme court held:
We remain mindful that in prosecutions for receiving stolen property, guilty knowledge is the gist of the offense and must be proved. This does not mean that the accused shall have personally witnessed the theft, but that he received the property under circumstances that would lead a reasonable man to believe it was stolen.... Evidence of the unexplained possession of recently stolen goods by one charged with unlawfully receiving them is admissible in a prosecution for the offense and is a strong circumstance to be considered with all the evidence in the case on the question of guilty knowledge.... Guilty knowledge may be proved by direct evidence, or, since it is rarely the subject of direct and positive proof, by any surrounding facts or circumstances from which knowledge may be inferred.
(citations omitted) (emphasis added).
¶ 9. In the present case, Russell attempted to sell the restricted chemicals from the trunk of his car and he attempted to sell them for a price well below market value to get rid of them quickly. Russell chose not to testify, which is his constitutional right.
While it is the right and privilege of a defendant to refrain from taking the witness stand, and no presumption is to be indulged against him for exercising that right, still the testimony of the witnesses against him may be given full effect by the jury, and the jury is likely to do so where it is undisputed and the defendant has refused to explain or deny the accusations against him.
McGilvery v. State, 497 So.2d 67, 68 (Miss.1986).
¶ 10. Looking to the definition of the crime of receiving stolen property, the State had the burden of proving that Russell intentionally possessed, received, retained or disposed of stolen property knowing that it had been stolen or having had reasonable grounds to believe it had been stolen. Taking the evidence in a light favorable to the verdict, we find the jurors reasonably inferred that Russell’s having the stolen property in his personal automobile, his selling it far below market price, and the secretive way in which he secured a buyer cumulatively provided the jurors reason to find Russell had guilty knowledge sufficient to support guilt. Further, since Russell provided no explanation of his possession of the recently stolen goods, as previously noted from McClain, the circumstances would lead a reasonable man to believe the property was stolen. We find the judge did not err in denying his motion.
¶ 11. THE JUDGMENT OF THE YA-ZOO COUNTY CIRCUIT COURT OF CONVICTION OF RECEIVING STOLEN PROPERTY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO YAZOO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.