DICKINSON, Presiding Justice,
concurring in part and in result:
- ¶ 51. I agree with the result reached by the majority and with most of the analysis; but I write separately to address the sixth issue raised by Burgess on appeal — whether the trial -judge erred by giving a flight instruction.
¶52. Flight instructions ' have'1 been characterized, by this Court as “dangerous,” and consequently we rarely have held such instructions to have been properly given.[18] For two reasons, .1 disapprove of flight instructions altogether.
¶ 53. First, whatever evidence there is .of “flight” will be before the jury — with or without the flight instruction — and juries are instructed (or should be) that they are allowed to make reasonable inferences from the evidence. To follow that up with a flight instruction — calling special attention to a particular inference that one side would like to jury to make — is, in my view, unfair. Flight instructions tell juries they may infer “guilty knowledge” from flight. Let us not kid ourselves — “guilty knowledge” means guilt. No innocent person has “guilty knowledge.” So, in reality, flight instructions tell juries that they may infer the defendant is guilty from the evidence of flight.
. ,¶54. We do not allow trial judges, through their instructions, to single out much more reliable evidence than “flight.” For instance, what, about fingerprints, DNA, blood samples, and eyewitness testimony? Would the majority approve a trial judge telling the jurors that, if the defendant’s fingerprints are on the gun, they may infer-guilt? The truth is, the words presume, assume, and infer are synonyms, so flight instructions tell the jury that “if there is evidence of flight, you may presume the defendant is guilty.”. This concept should be troubling to my learned colleagues in the majority who often are heard to speak eloquently about what I believe to be sincere concerns for “fair trials.” But in our quest to ass'ure everyone a fair trial, I Wonder if the justices who support flight instructions for the State also would support a parallel instruc *1283 tion for defendants, that is, that the jury may infer innocence from the failure to flee?
¶ 55. Also, I oppose these cleverly disguised preemptive instructions bécaüse— as opined by this Court in days gone by-innocent people could, and often do, choose to flee the scene of a crime for a plethora of legitimate reasons.[19] As I have said before, the days of careful judicial scrutiny on such issues as speedy trials[20] — to ensure equal justice for defendants, as well as the State — have long-since passed.
¶ 56. In sum, I believe that flight instructions diminish the fairness of the trials in which they are given. They skew the criminal justice system toward- the prosecution, suggesting to the jury that a certain character of evidence (evidence of “flight”) overcomes the presumption of innocence and allows the jury to presume guilt.
¶ 57. So I echo 'Justice Kitchens in his separate opinion in Drummer v. State,[21] and call for the abolition of the flight instruction altogether.[22] Accordingly, I believe the trial judge erred by giving a flight instruction in this case.
¶ 58. That being said, ,1 do not believe the instruction amounted to reversible error here because — as made abundantly clear by the majority — the State presented more than sufficient evidence, apart from this erroneous flight instruction, to prove beyond a reasonable doubt that Burgess forcibly sexually assaulted his wife. So I concur in the result reached by the majority, but only in part with its reasoning.

. See Ervin v. State, 136 So.3d 1053, 1060 (Miss.2014); Randolph v. State, 852 So.2d 547 (Miss.2002); Banks v. State, 631 So.2d 748 (Miss.1994); Fuselier v. State, 468 So.2d 45 (Miss.1985); Pannell v. State, 455 So.2d 785, 789 (Miss.1984); Craft v. State, 271 So.2d 735 (Miss.1973); Quarles v. State, 199 So.2d 58 (Miss.1967); Eubanks v. State, 227 Miss. 162, 85 So.2d 805 (1956).

. See Howard v. State, 182 Miss. 27, 181 So. 523 (1938).

. See Newell v. State, 175 So.3d 1260, 1277 (Miss.2015) (Dickinson, P J., dissenting); Taylor v. State, 162 So.3d 780, 788 (Miss.2015) (Dickinson, P.J., dissenting); Myers v. State, 145 So.3d 1143, 1152 (Miss.2014) (Dickinson, P.J., dissenting); Franklin v. State, 136 So.3d 1021, 1038 (Miss.2014) (Dickinson, P.J., dissenting); Johnson v. State, 68 So.3d 1239, 1247 (Miss.2011) (Dickinson, P.J., dissenting).

. Drummer v. State, 167 So.3d 1180, 1199 (Miss.2015) (Kitchens, ,T., concurring in Part I and dissenting from Part II).

. Id.