REESE *et al. v.* STATE.

(In Banc. Nov. 12, 1945.)

[23 So. (2d) 694. No. 35942.]

H. F. Jones, of Belzoni, for appellants.

Argued orally by **H. F. Jones**, for appellant, and by **Geo. H. Ethridge**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

The appellants were convicted of knowingly receiving stolen property above the value of $25. The party who stole the property, cotton seed, testified for the state, and, if believed, as he must have been in view of the verdict, his evidence was sufficient, together with other circumstances, to uphold the finding that John Reese knew the seed had been stolen when he purchased them from the thief.

Argument is made that the testimony of the thief shows that John Reese, if a participant in the transaction, was an accessory before the fact and is not therefore subject to the prosecution for receiving stolen goods. See Manning v. State, 129 Miss. 179, 91 So. 902. We do not decide whether an accessory before the fact is guilty as a principal in the sense that he, like the principal, may not be prosecuted for receiving, but state merely that the testimony was wholly insufficient to establish this appellant's guilt of the principal offense. The instruction of the state defining the offense follows an approved pattern and need not be here reproduced. The other assignments are not pressed in the briefs. We find no reversible error in the conviction of John Reese, and as to him the judgment is affirmed.

The testimony by which conviction was sought against Son Reese, the son of John Reese, is as follows: When the thief brought the stolen goods to the home of John Reese, during the night, Son Reese, at his father's request, helped in unloading the seed. Later, after the theft was discovered and an investigation begun, the son as-

sisted his father in carrying the seed to some nearby woods. John Reese testified that he was physically unable to transport the seed and sought the son's help. That is the extent of the son's participation. The testimony concerned chiefly the receiving by the father, and there is no evidence that the son ever participated in any plans or negotiations for their purchase or receipt. He did not testify. The record does not disclose his age. We are of the opinion that the evidence is insufficient to sustain his conviction. The issue of the son's guilt was submitted to the jury along with that of his father, and there is no error of the trial court upon which we could act otherwise than to remand the case as to him as not being supported by the evidence, which point was duly, but solely, preserved in his motion for a new trial. Compare Ard v. State (Fla.), 22 So. (2d) 819.

Affirmed as to John Reese, and reversed and remanded as to Son Reese.