Robert Church was indicted, tried and convicted in the Circuit Court of Neshoba County, Mississippi, for the crime of receiving stolen property. He was sentenced to serve five (5) years in the state penitentiary.
The defendant requested the trial court to direct a verdict in favor of the defendant at the conclusion of the testimony offered by the state. This motion was overruled and the defendant rested without offering any testimony.
The sole issue presented on appeal is whether or not the testimony offered by the state was sufficient to show that the defendant had actual possession of the stolen goods.
The testimony reveals that the appellant called the witness Joe Lee Jones and advised him that he had some boots he wanted to sell him for five dollars ($5.00) a pair. He later went to the home of Jones and advised him that he would have the boots brought to him after dark. Later, appellant called the witness and advised him that the boots were on the way; that he had arranged for J.D. Ladd and Percy McCullough to deliver the boots. The boots were delivered by the two named persons. Mr. Jones agreed to count the *Page 387 
boots and pay for them the next day. Mr. Jones notified the sheriff that he had the boots.
The evidence further revealed that the Triple D Western Store had been burglarized and burned; that prior to the delivery of the boots the sheriff had been to the home of Joe Lee Jones, and as he left he passed and spoke to Robert Church. Later he was notified that the merchandise had arrived at the home of Joe Lee Jones. The boots were identified as the merchandise stolen from the Triple D Western Store. Were these facts sufficient to show possession of stolen property?
The appellant in a carefully written brief points out that in order to sustain a conviction for receiving stolen property, the accused must have control or dominion over the property stolen. He cites Daniel v. State, 212 Miss. 223, 54 So.2d 272 (1951). We agree with this postulate, and we also agree that the crime is not committed until the stolen property is received by the accused. 76 C.J.S. Receiving Stolen Goods § 6, at 8 (1952).
On the other hand, it is not necessary for the state to show that the accused actually manually held the stolen property. Constructive possession of stolen goods is sufficient to satisfy the essential element of having "received" the goods.
It is said in 66 Am.Jur.2d Receiving Stolen Goods § 5, at 298 (1973), as follows:
 "It is not necessary that there be a manual possession or touching of the stolen goods; exercising any control or dominion over them is sufficient to constitute a receiving. But the buying, receiving, or aiding in concealment of stolen property, knowing it to have been stolen, is not established by mere possession of such property. One is guilty of so receiving as soon as he obtains a measure of control or dominion over the custody of the goods; such receiving may be by an agent or through the instrumentality of another; nor is it necessary that the accused should have actually seen the goods."
The text writer in 76 C.J.S. Receiving Stolen Goods § 6b, at 9 (1952), has the following to say on this subject:
 "He has such constructive possession where the goods are in the possession of someone over whom he has for the time being direction and control, such as his authorized servants or agents, or the thief himself, so that the goods will be forthcoming when he orders, and also where by his direction the goods are deposited in a place subject to his control, or where they are concealed on his premises by others with his knowledge or consent."
We are of the opinion that the acts and statements of the appellant in this case are sufficient to establish the charge that he received the stolen goods. The judgment of the trial court must be affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER, SMITH, SUGG and WALKER, JJ., concur.