573 So.2d 713 (1990)
George Patton LEWIS
v.
STATE of Mississippi.
No. 07-KA-59278.
Supreme Court of Mississippi.
December 19, 1990.
Jackson M. Brown, Paula E. Drungole, Starkville, for appellant.
Mike C. Moore, Atty. Gen., Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the court:
This cause comes on appeal from the Circuit Court of Oktibbeha County, Mississippi, Ernest L. Brown presiding. On April 29, 1988, George Patton Lewis was found guilty of receiving stolen property and was sentenced to five (5) years in the custody of the Mississippi Department of Corrections. Lewis appeals his conviction to this Court assigning six errors. Because we reverse Lewis' conviction on grounds that the state failed to prove that Lewis received the stolen property, we address only the following assignment of error:

WHETHER THE TRIAL COURT ERRED IN OVERRULING LEWIS' MOTIONS FOR A DIRECTED VERDICT AND A PEREMPTORY INSTRUCTION?
The Oktibbeha Police Department received information from the sheriff's department that a skidder believed to have been stolen on June 4, 1987, from James W. Sessum's Inc. had been located in a heavily wooded area in western Oktibbeha County, Mississippi. On June 15, 1987, law enforcement officers found the skidder with no key in the ignition and placed it under twenty-four hour surveillance. Approximately *714 three days later, on June 19, 1987, the defendant, George Patton Lewis, and co-defendant, Andy Hillhouse, were observed entering the wooded area and approaching the skidder. The co-defendant, Andy Hillhouse, climbed on the skidder, started it and drove it approximately sixty (60) yards. Then, the two were observed loosening some bolts from the grapple hook of the skidder with wrenches. Two law enforcement officers overheard a conversation between Lewis and Hillhouse indicating that the piece could be pulled behind a truck and that it would bring a good price. A short time later, the two ceased their actions and were returning to their vehicle when they were arrested. At this time a key was found in the ignition of the skidder.
Lewis was indicted for receiving stolen property. Lewis put on no evidence and did not testify. At the close of the state's case-in-chief, Lewis moved for a directed verdict and a peremptory jury instruction, both of which were denied by the trial judge. After the jury returned a verdict of guilty, Lewis moved for a new trial which was also denied. On appeal, Lewis contends that he was entitled to a directed verdict and/or a peremptory instruction and that the verdict was against the overwhelming weight of the evidence.
We previously have recognized that requesting a peremptory instruction is the equivalent of moving for a directed verdict. Butler v. State, 544 So.2d 816, 819 (Miss. 1989). Therefore, our standard of review is the same for both motions: the state's evidence is taken as true, together with any reasonable inferences that may be drawn from that evidence, and if the evidence is sufficient to support the guilty verdict, then the motions were properly overruled by the trial court. Barnwell v. State, 567 So.2d 215, 217 (Miss. 1990) (directed verdict); Stringer v. State, 557 So.2d 796, 798 (Miss. 1990); Brown v. State, 556 So.2d 338, 340 (Miss. 1990) (peremptory instruction); Butler v. State, 544 So.2d at 819 (directed verdict).
The elements of receiving stolen property are (1) a purchase or receipt of personal property (2) stolen from someone else (3) with knowledge that the property is stolen. Whatley v. State, 490 So.2d 1220, 1222 (Miss. 1986); see also, Miss. Code Ann. § 97-17-69 (1972). Lewis contends that the state failed to prove the essential element of guilty knowledge, i.e. the state showed no circumstantial evidence that he received stolen property knowing it to be stolen, see In the Interest of W.B., 515 So.2d 1175, 1177 (Miss. 1987); Van v. State, 477 So.2d 1350, 1351 (Miss. 1985), and that the state put on no evidence showing Lewis' possession of the skidder, actual or constructive. See, Church v. State, 317 So.2d 386, 387 (Miss. 1975).
In our state to be found guilty of receiving stolen property the state must prove that the accused had control or dominion over the custody of the goods. Church v. State, 317 So.2d at 387. This dominion or control, however, may be brief and temporary. Daniel v. State, 212 Miss. 223, 228, 54 So.2d 272, 274 (1951) (defendant merely placed stolen item in a drawer after item handed to him by another); see also, 76 C.J.S. Receiving Stolen Goods § 6b at 9 (duration immaterial). Viewing the evidence in the light most favorable to the state, the evidence showed that Lewis and Hillhouse, acting in concert, loosened bolts on the grapple hook with a wrench and that the two discussed selling part of the skidder. We find that this evidence was sufficient to show that Lewis had actual dominion and control over the stolen skidder.
However, mere possession [or dominion and control] alone is inadequate to prove receipt or purchase of property or knowledge that the property had been stolen. In the Interest of W.B., 515 So.2d 1175, 1177 (Miss. 1987); Thompson v. State, 457 So.2d 953, 955 (Miss. 1984). In Reese v. State, 198 Miss. 843, 23 So.2d 694 (Miss. 1945), we reversed a conviction for receiving stolen property when a son assisted his father by carrying stolen goods to nearby woods. Relevant to our decision was the fact that the state put on no evidence showing that the son participated in any plans or intended to purchase or receive the goods. *715 Reese v. State, 198 Miss. at 848, 23 So.2d at 694.
This is the case here. The state's proof of the conversation between Lewis and Hillhouse that the skidder part may bring a good price in addition to the proof of control or dominion is sufficient to prove possession, but is insufficient to prove receipt or purchase of stolen property. We find that the state also must prove guilty knowledge, which is the "gist of the offense of receiving stolen property." Whatley v. State, 490 So.2d 1220, 1222 (Miss. 1986); Van v. State, 477 So.2d 1350, 1351 (Miss. 1985); Thompson v. State, 457 So.2d 953, 954 (Miss. 1984). In reviewing whether the state proved Lewis' knowledge beyond a reasonable doubt, we ask whether under the facts and circumstances of this case a reasonable person would have been led to believe that property has been stolen. In the Interest of W.B., 515 So.2d at 1177; Whatley v. State, 490 So.2d at 1222; Van v. State, 477 So.2d at 1351; Lumpkin v. State, 413 So.2d 386, 387 (Miss. 1982) [quoting Brown v. State, 281 So.2d 924, 926 (Miss. 1973)].
In this case the state attempted to prove guilty knowledge by circumstantial evidence. When proving guilt by circumstantial evidence, "the state bears the burden `not only to prove the appellant's guilt beyond every reasonable doubt but to the exclusion of every reasonable hypothesis of his innocence.'" Whatley v. State, 490 So.2d at 1223 [quoting Rodgers v. State, 222 Miss. 23, 29, 75 So.2d 42 (1954)]. Viewing the state's evidence in its favor, the state proved that the skidder was in a heavily wooded area where no one else entered during three days of police surveillance and that Lewis had some control and dominion over the skidder. If a reasonable person would know from these circumstances that the skidder was stolen, then we would find the evidence sufficient to show guilty knowledge. Whatley v. State, 490 So.2d at 1222; Ellett v. State, 364 So.2d 669, 670 (Miss. 1978).
However, if the state's evidence proved Lewis could have been guilty of the actual theft of the skidder rather than receiving stolen property, then the state did not prove guilty knowledge. See Whatley v. State, 490 at 1223. We note that the state could not charge Lewis with both offenses, and had to proceed on one or the other. Hentz v. State, 489 So.2d 1386, 1389 (Miss. 1986); Knowles v. State, 341 So.2d 913, 916 (Miss. 1977). But see, Whatley v. State, 490 at 1224 (Hawkins, J. dissenting) (fact that defendant is the sole person who could answer whether it was larceny or knowingly receiving stolen property should not bar prosecution when it was one of the two, and a jury issue can be made as to either crime).
The state indicted Lewis for the offense of receiving stolen property. The evidence showed that Lewis was in possession of the skidder and that he intended to sell parts from it, but did not show how Lewis came by the skidder. Since Lewis did not testify we have no other evidence at which to look. While we have no doubt that Lewis either stole the skidder or received it, we find that the evidence fails to prove beyond a reasonable doubt of which offense Lewis was guilty.
Because the state failed to prove the elements of receiving stolen property, we find the trial court erred in denying Lewis' motions for a directed verdict and for a peremptory instruction. We reverse the conviction and dismiss the indictment against Lewis. We note, however, that our decision today in no way bars the state from proceeding against Lewis for larceny, and we encourage the state to do so if the evidence so warrants.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.