BRIDGES, C.J.,
for the Court:
¶ 1. Michael Jeffery Washington was found guilty of receiving stolen property and conspiracy to receive stolen property in the Circuit Court of Jefferson County and was sentenced to five years on each count to run consecutively and said sentence to run concurrently with the sentence imposed in cause number 2945 in the custody of the Mississippi Department of Corrections. Washington appeals his conviction assigning five errors:
I. THE EVIDENCE ADDUCED AT TRIAL WAS INSUFFICIENT TO SUPPORT A JURY VERDICT OF GUILTY.
II. THE INDICTMENT WAS WHOLLY INSUFFICIENT AND SHOULD BE QUASHED.
III. THE LOWER COURT COMMITTED ERROR IN ADMITTING EXHIBITS S-33 THROUGH S-37.
IV. WASHINGTON WAS SUBJECTED TO DOUBLE JEOPARDY ON THE CHARGES IN COUNT ONE AND COUNT TWELVE OF THE INDICTMENT.
V. THE LOWER COURT ERRED IN DENYING WASHINGTON’S MOTIONS FOR DIRECTED' VERDICT AND FOR PEREMPTORY INSTRUCTION.
¶ 2. Finding the issues raised by Washington to be procedur'ally barred, moot or merit-less, we affirm the jury’s verdict.
FACTS
¶ 3. On September 8, 1995, a séarch warrant was executed at the Washington property on Cannonsburg Road in Jefferson County. Six vehicles with altered vehicle identification numbers were seized. Among the vehicles recovered was an automobile with a public vehicle identification number displayed on the automobile identifying the car as a 1985 Buick Regal registered to Michael Jeffery Washington of Brooklyn Park, Minnesota. However, the confidential vehicle identification number lifted from the vehicle’s transmission and engine described the automobile as a 1987 Buick Grand Na *212 tional registered to Charles Lenzen of Edi-na, Minnesota, and valued at approximately $9,000.
¶ 4. A twelve-count indictment was handed down by the grand jury charging Timothy James Washington, Michael Jeffery Washington, Undre Washington, Morris Lee Washington, and Prince Earl White, Jr. with altering motor vehicle identification numbers, receiving stolen property, and conspiracy to receive stolen property.
¶ 5. Michael Washington was tried before a jury with co-defendant, Timothy Washington. After the State rested, Michael Washington moved for a directed verdict on all charges. The motion was denied by the trial judge.
¶6. In his defense, Michael Washington introduced into evidence an application for title for a 1985 Buick, public VIN 1G4GGM47A9FP231547, dated April 28, 1995, showing the applicant to be Michael Washington and South Metro Auto Brokers as the seller of the vehicle, and an odometer reading from the same vehicle showing Washington as the purchaser. Thereafter, Washington moved for a peremptory instruction which the trial judge denied.
¶ 7. The jury returned a verdict convicting Michael Washington of receiving stolen property and conspiracy to receive stolen property, and acquitted him of the charge of altering a vehicle identification number. The lower court denied Washington’s motion for a new trial. Washington was sentenced to serve five years on each count to run consecutively and said sentence to run concurrently with the sentence imposed in cause number 2945 in the custody of the Mississippi Department of Corrections. Aggrieved, Washington perfected this appeal.
ARGUMENT AND DISCUSSION OF THE LAW
I. WHETHER THE TRIAL COURT ERRED IN OVERRULING WASHINGTON’S MOTIONS FOR A DIRECTED VERDICT AND FOR A PEREMPTORY INSTRUCTION BECAUSE THE JURY VERDICT WAS NOT SUPPORTED BY SUFFICIENT CREDIBLE EVIDENCE.
¶ 8. Washington asserts the trial court erred in denying his motions for a directed verdict and for a peremptory instruction claiming the evidence presented is insufficient to support the jury’s verdict of guilty. We find the trial court properly submitted the case to the jury.
¶ 9. The standard of review for both motions is the same: the State’s evidence is taken as true, together with all inferences that may be drawn from the evidence, and if the evidence is sufficient to support the guilty verdict, then the motions were properly overruled by the trial court. Lewis v. State, 573 So.2d 713, 714 (Miss.1990).
[T]he sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [the defendant’s] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
McClain v. State, 625 So.2d 774, 778 (Miss.1993). In reviewing the evidence, we find that it supports the verdict of the jury.
Miss.Code Ann. § 97-17-70(1) (Rev.1994), reads as follows:
(1) A person commits the crime of receiving stolen property if he intentionally possesses, receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is possessed, received, retained or disposed of with intent to restore it to the owner.
¶ 10. Thus, the statutory requirements for the crime of receiving stolen property are (1) the possession, receipt, retention or disposition of personal property (2) stolen from someone else (3) with knowledge or a *213 reasonable belief that the property is stolen. “[G]uilty knowledge ... is the ‘gist of the offense of receiving stolen property.’ ” Lewis, 573 So.2d at 715 (quoting Whatley v. State, 490 So.2d 1220, 1222 (Miss.1986)). Guilty knowledge may be proved by direct evidence, or, since it is rarely the subject of direct and positive proof, by any surrounding-facts or circumstances from which knowledge may be inferred.
Evidence of the unexplained possession of recently stolen goods by one charged with unlawfully receiving them is admissible in a prosecution for the offense and is a strong circumstance to be considered with all the evidence in the case on the question of guilty knowledge. Such evidence may be sufficient to warrant a conviction where it is coupled with ... attempts at concealment ....
[[Image here]]
The circumstances surrounding the accused and his conduct then and immediately thereafter are relevant on the issue.
McClain, 625 So.2d at 779. When the State attempts to prove the crime of receiving stolen property by circumstantial evidence, the state not only must prove each element “beyond every reasonable doubt but to the exclusion of every reasonable hypothesis of his innocence.” Lewis, 573 So.2d at 715.
¶ 11. Against this backdrop, we turn to the case sub jiidice. The application for title and odometer reading introduced into evidence in his defense showed Michael Jeffery Washington of Brooklyn Park, Minnesota, purchased a 1985 Buick Regal, VIN 1G4GM47A9FP231547, from South Metro Auto Dealers in Minnesota. Virgil Luke, an investigator with the National Crime Insurance Bureau and an expert in motor vehicle identification and serial number restoration, testified the public VIN for the 1985 Buick Regal was displayed on the dash of an automobile found on the Washington property in Jefferson County on September 8, 1995. The confidential vehicle identification number lifted from the transmission and engine identified the vehicle as a 1987 Buick Grand National registered to Charles Lenzen of Edina, Minnesota. The vehicle had been reported stolen on April 27, 1995. Luke testified the 1987 Buick Grand National had a value of approximately $9,000.
¶ 12. Miss.Code Ann. § 97-1-1 (Rev.1994) defines conspiracy as when “two (2) or more persons conspire ... [t]o commit a crime.... ”
For there to be a conspiracy, “there must be recognition on the part of the conspirators that they are entering into a common plan and knowingly intend to further its common purpose.” The conspiracy agreement need not be formal or express, but may be inferred from the circumstances, particularly by declarations, acts, and conduct of the alleged conspirators. Furthermore, the existence of a conspiracy, and a defendant’s membership in it, may be proved entirely by circumstantial evidence.
Franklin v. State, 676 So.2d 287, 288 (Miss.1996) (quoting Nixon v. State, 533 So.2d 1078, 1092 (Miss.1987)).
¶ 13. The testimony reflects six automobiles bearing altered vehicle identification numbers were seized from the Washington property on Cannonsburg Road in Jefferson County on September 8, 1995. Virgil Luke, who accompanied Deputy Sheriff Glen Holli-day to identify any automobiles suspected of having altered numbers, testified the vehicles seized from the Washington property included (1) a 1987 Buick Grand National bearing a public VIN for a 1984 Buick Regal, (2) a 1987 Buick Grand National with a public VIN for a 1985 Buick Regal, (3) a 1986 Oldsmobile Cutlass bearing a public VIN for a 1981 Oldsmobile Cutlass, (4) a 1978 Cadillac with a public VIN for a 1976 Cadillac, (5) a 1992 Chevrolet S-10 pickup truck with a public VIN for a 1982 Chevy S-10 truck, and (6) a 1987 Chevrolet Monte Carlo with a public VIN for a 1983 Chevrolet Monte Carlo. Four of the vehicles (1987 Grand National, 1987 Chevrolet Monte Carlo, 1986 Olds' Cutlass, and 1992 Chevrolet S-20 pickup) were stolen from Minnesota per Exhibits 33, 34, 36 and 37.
¶ 14. Michael Washington was also linked to the 1992 Chevrolet S-10 pickup truck through the testimony of Morris Washington. Morris testified he purchased the 1992 Chevrolet S-10 pickup bearing the public VIN for *214 a 1982 Chevy S-10 truck in April 1996 from Thelma Minor, Michael Washington’s girlfriend, who was residing with Michael in Minnesota.
¶ 15. Charlie Reed testified he sold a 1984 Buick Regal, VIN 1G4AJ47A2EH517618, to Richard Norman, a friend of Timothy and Undre Washington. Virgil Luke testified the public VIN for this vehicle was displayed on a 1987 Buick Grand National, confidential VIN 1G4GJ1172HP442340, seized during the execution of the search warrant.
¶ 16. We find the State showed that a pattern existed wherein the VIN plates from older vehicles were placed on newer stolen vehicles to prevent recovery by the lawful owner.
¶ 17. The circumstantial evidence, when viewed in the light most favorable to the State, supports the jury verdict finding Washington guilty of receiving stolen property and conspiracy to receive stolen property. The evidence being sufficient to create a jury issue, the trial court did not err in overruling Washington’s motions for a directed verdict and for peremptory instruction. This assignment of error is without merit.
II. WHETHER THE VARIANCE BETWEEN THE INDICTMENT AND THE PROOF AT TRIAL IS MATERIAL AND PREJUDICIAL SO AS TO REQUIRE REVERSAL
¶ 18. Washington asserts that the indictment was insufficient and should be quashed, because the description of the vehicle in the indictment did not correspond with the evidence presented at trial, counts one and eight of the indictment charged Washington with unlawfully possessing a vehicle identified as a “1987 Buick Regal, black in color, vehicle identification number 1G4GJ1175HP434278.” • Washington contends the misdescription of the vehicle as a “1987 Buick Regal” instead of as a “1987 Buick Grand National ” is a substantive defect, and may be brought to the attention of the court for the first time on appeal.
¶ 19. We find Washington’s argument is procedurally barred pursuant to Miss.Code Ann. § 99-17-13 (Rev.1994). An objection to a variance between the indictment and the proof should be made specifically during the trial and after verdict it is too late to raise the objection.
If appellant desired to avail himself of this variance he should have objected specifically on that ground, so that the attention of the court and opposing counsel might be called thereto, and, having failed so to do, he cannot now avail himself thereof, for the reason that had such an objection been made, the indictment could have been amended to correspond with the the [sic] proof.
Smith v. State, 112 Miss. 248, 72 So. 929 (1916).
¶ 20. Washington failed to raise specifically the issue of the variance in his motion for directed verdict, in his motion for peremptory instruction, or in his motion for judgment n.o.v. Further, Washington asserted no objection to Jury Instruction 3 defining the subject vehicle as “that certain 1987 Buick Regal.” The law is well settled in this state that the assertion on appeal of grounds for an objection which was not the assertion at trial is not an issue properly preserved on appeal. Ballenger v. State, 667 So.2d 1242, 1264 (Miss.1995). Washington raises an objection on appeal that can be found nowhere in the record; therefore, his objection was not properly preserved on appeal.
¶ 21. Alternatively, without waiving the procedural bar, we find the misde-scription of the vehicle in the indictment inconsequential. For the variance between the indictment and the proof to be fatal, it must fee a material and prejudicial variance. Jackson v. State, 450 So.2d 1081, 1082 (Miss.1984).
¶ 22. At trial, the state established that the public VIN and the imprint of the confidential VIN lifted from the 1987 Buick Grand National did not match. The public -VIN 1G4GM47A9FP231547 identified the automobile as a 1985 Buick Regal registered to Michael Washington. The manufacturer’s vehicle identification number (VIN 1G4GJ1175HP434278) stamped on the vehicle’s transmission and engine showed the automobile as a 1987 Buick Grand National *215 valued at about $9,000, belonging to Charles Lenzen of Edina, Minnesota.
¶ 23. As a matter of due process, a defendant is entitled to reasonable advance notice of the charges against him and a reasonable opportunity to prepare and present his defense to those charges. Jones v. State, 46l So.2d 686, 693 (Miss.1984). Washington was sufficiently put on notice by the description in the indictment to enable Washington to defend against the charges in counts one and eight. Washington and his attorney understood well in advance of trial that the subject vehicle was a 1987 Buiek Grand National, VIN 1G4GJ1175HP434278, bearing a public VIN for a 1985 Buick Regal.
¶ 24. This assignment of error is procedurally barred and/or meritless.
III. WHETHER THE LOWER COURT ERRED IN ADMITTING EXHIBITS S-33 THROUGH S-37
¶25. Washington asserts the trial court committed reversible error by admitting into evidence the NCIB inspection reports prepared by Virgil Luke on five of the seized vehicles. The State argues the reports were properly admitted under M.R.E. 106.
¶ 26. This Court’s standard of review as to the relevance and admissibility of evidence during trial is well established. “The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused.” Weaver v. State, 713 So.2d 860, 865 (Miss.1997) (citations omitted).
¶ 27. Counsel for Michael Washington questioned Luke regarding the “Recovered From” entry on each NCIB inspection report Luke completed. Thereafter, counsel for Timothy Washington introduced the NCIB Inspection Report pertaining to the 1978 Cadillac into evidence as Exhibit 32. On redirect, the State moved to introduce the remaining five inspection reports into evidence pursuant to the rule of completeness in M.R.E. 106 and defense counsel having opened the door by asking the witness to read from the reports. The State argued defense counsel took Luke through each of the documents, eliciting testimony regarding the true VIN and the public VIN, where the property was recovered, and from whom the property was recovered, thereby misleading the jury as to Washington’s involvement. Thus, the inclusion of each report was essential to the jury’s understanding of the conspiracy charge.
¶ 28. Defense counsel strenuously objected to the introduction of the reports on the grounds that (1) each report pertained to a separate count in the indictment so the introduction of one report into evidence did not necessitate the introduction of the remaining reports, (2) certain entries in the NCIB inspection reports were based on “hearsay evidence derived from the National Crime Information Center and based upon revelations made to Virgil Luke from the representatives of the Sheriffs Department,” and (3) the reports were highly prejudicial. Further, Washington argued that if the reports were admitted any reference to ownership of the vehicle, date of theft, and place of theft should be redacted as hearsay.
¶ 29. After listening to the arguments, the trial judge overruled defense counsel’s objections and allowed the introduction of the entire NCIB inspection reports implicitly finding the reports necessary for the State to present its case and to “clear up misconceptions” regarding the involvement of the defendants.
M.R.E. 106 provides:
When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.
¶ 30. Washington cites Lester v. State, 692 So.2d 755 (Miss.1997), in support of his argument that the questioning of Luke during cross-examination about the NCIB inspection reports should not require the admission of the reports into evidence. In Lester, the Mississippi Supreme Court found that the doctrine of completeness in Rule 106 did not *216 apply because no part of the letters were offered into evidence.
Rule 106 only requires admission of an entire writing after part of it has been introduced into evidence by the opposing party. There is a difference between introducing a document into evidence and questioning a witness about the document.
Id. at 786.
¶31. Moreover, in Welch v. State, 666 So.2d 680 (Miss.1990), the supreme court found the lower court erred in allowing the introduction of certain evidence stating:
[M.R.E. 106] contemplates the introduction of a writing by a party, then a contemporaneous introduction of other parts of the statements to prevent the misleading of the jury.
Defense counsel was merely questioning [the witness] during cross-examination_ He in no way introduced parts of these statements into evidence.
¶ 32. In the case sub judice, Michael Washington questioned Luke extensively about portions of each report favorable to his case, and his co-defendant, Timothy Washington, introduced one of the NCIB inspection reports into evidence. Only then did the State move to admit the remaining reports into evidence in order to give the jury a complete picture. See the comment to Rule 106 which states: “Such a rule attempts to prevent misleading the jury by taking evidence out of context.”
¶ 33. Rule 106 does not necessarily require that all the remainder of a document must be offered into evidence, but only that part which “ought in fairness to be considered.” The State argued that the reports in their entirety were admissible to explain the participation of Washington in the crime of conspiracy to receive stolen property.
¶ 34. Evidence, even if otherwise inadmissible, can be properly presented where the defendant has “opened the door.” Crenshaw v. State, 520 So.2d 131, 133 (Miss.1988) (citing Simpson v. State, 366 So.2d 1086, 1086 (Miss.1979)).
¶ 35. Absent the cross-examination and the introduction of Exhibit 32 by defense counsel, the reports arguably would have been inadmissible as hearsay, not coming under any exception. However, it is clear from the record defense counsel did seek to take advantage of whatever part of the reports favored Michael Washington, and did thereby open the door.
¶ 36. The trial judge considered the arguments of counsel and admitted the remaining NCIB inspection reports in their entirety implicitly finding them necessary to present a fair and complete picture to the jury. We find the trial judge did not abuse his discretion in admitting Exhibits S-33 through S-37 into evidence in their entirety. This issue is without merit.
IV. WHETHER COUNT ONE AND COUNT TWELVE OF THE INDICTMENT HAVE SUBJECTED WASHINGTON TO DOUBLE JEOPARDY
¶ 37. Washington next argues he was subjected to double jeopardy on the charges in count one and count twelve of the indictment in violation of the Fifth Amendment of the Constitution of the United States and Section 22, Article 3 of the Mississippi Constitution. Under count one, Washington was indicted for altering a vehicle identification number with the intent to misrepresent the identity and prevent the identification of said vehicle. Count twelve of the indictment charged Washington with conspiracy to receive stolen property. As the supreme court stated in Holly v. State, 671 So.2d 32, 44 (Miss.1996):
There was no double jeopardy concern in simultaneously placing Holly on trial for grand larceny and capital murder committed in the course of a robbery. Whether Holly may be convicted for both capital murder committed in the course of a robbery and grand larceny poses a more difficult question as the double jeopardy clause prohibits multiple punishments for the same offense.
¶ 38. The jury acquitted Washington of the charges in count one of the indictment. Therefore, this issue is moot.
III. CONCLUSION
¶ 39. The issues raised by Washington on appeal are procedurally barred, moot or *217 without merit. For this reason, the judgment of the trial court is affirmed.
¶ 40. THE JUDGMENT OF THE JEFFERSON COUNTY CIRCUIT COURT OF CONVICTION OF RECEIVING STOLEN PROPERTY AND CONSPIRACY TO RECEIVING STOLEN PROPERTY AND SENTENCE OF FIVE YEARS ON EACH COUNT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. SENTENCES TO BE SERVED CONSECUTIVELY AND TO RUN CONCURRENTLY WITH SENTENCE IMPOSED IN CAUSE NUMBER 2945. COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLANT.
McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.